THE MAYOR, etc., OF CARTERSVILLE *et al. vs.* LANHAM.

1. The charter of a municipal corporation contained a power to the council to pass all necessary rules, regulations and ordinances they might deem advisable in relation to dogs, hogs, horses, mules and any other stock straying at large within its corporate limits ; also the power to abate nuisances and a general police power :

*Held*, that they were empowered to pass an ordinance requiring stray cattle to be impounded, and after being advertised for five days to be sold, unless the owner should claim them and pay charges.

(*a.*) Semble, that a like right would accrue under the general police power alone.

(*b.*) It makes no difference that the owner of the stock is a non-resident.

2. If a wrong was done in this case, there was a complete common law remedy.

Municipal Corporations.   Powers.   Streets.   Before Judge FAIN.   Bartow Superior Court.   January Adjourned Term, 1881.

To the facts stated in the decision it is only necessary to add that the owner of the stock impounded in this case lived outside the corporate limits of the town, and his stock strayed within the limits, and were taken up.

JAMES B. CONVERS, for plaintiff in error.

E. D. GRAHAM, for defendant.

CRAWFORD, Justice.

By the charter granted to the city of Cartersville, it is provided, "that the commissioners of said city shall have power and authority to pass all necessary rules, regulations and ordinances as they may deem advisable in relation to dogs, hogs, horses, mules and any other stock straying at large within its corporate limits. "

It is also provided by the amended charter, " that said mayor and aldermen shall have power to remove nuisan-

ces, whether the same be in the streets or on the lots of individuals, incorporate companies or institutions. "

Again, that "said mayor and aldermen shall have power to pass all laws and ordinances that they may consider necessary to the peace and good order, health, prosperity, comfort and security of said city and citizens thereof, not inconsistent with the constitution and laws of the state and the United States. "

Under these clauses in the charter an ordinance was adopted to impound all hogs that were found straying at large in the streets, and, after advertising them five days, they were to be sold, unless the owner came forward, claimed them and paid the charges thereon.

Certain hogs of the defendants in error, who were non-residents, were found on the streets and impounded. After taking other legal process to stop the sale, they filed their bill setting up the facts stated, denying the right of the city government to pass and enforce such an ordinance, and praying an injunction, and that on the final hearing a perpetual decree be granted against all attempts to execute or enforce said ordinance, and that it be declared absolutely null and void.

The defendant demurred—

(1.) Because of an ample common law remedy on the part of the complainants.

(2.) Because defendant had the right to pass and enforce the ordinance complained of.

(3.) Because of a misjoinder of parties.

The bill was, by leave of the court, amended by striking one of the defendants therefrom. The chancellor then overruled the demurrer upon the other grounds, and granted the injunction as prayed for, which ruling is assigned as error.

Was the ordinance, then, which is the question in the case, an exercise of unauthorized power?

Whatsoever may have been ruled elsewhere touching the grant of the power, and the disputes arising thereun-

The Mayor, etc., of Cartersville *et al. vs.* Lanham.

der as to whether it was or was not conferred, we have no trouble on that subject in this case. That the legislature had the right to grant this power to the mayor and aldermen we think unquestionable; that the same has been done is also unquestionable. If, therefore, the legislature could confer the right, and has done so, and the grantees have availed themselves of it and put it into operation—not exceeding their authority therein—then the courts are bound to enforce it.

The streets of an incorporated city or town are reserved and set apart for the public use; no individual can, therefore, appropriate them to his private use. If he has the right to turn six hogs into the public streets to fatten, he has the right to turn six hundred, for the legal principle is not governed by the number but by the right. Individuals have no more legal right to claim pasturage of the public for their hogs than they have swill or corn. Many of the best and highest authorities on this subject go to the extent of holding that where a general police power is granted, or power to abate nuisances, etc., is given, even they confer the right to pass and enforce such an ordinance. Dillon on Mun. Cor., 3d Ed., §402; 1 La. An., 385; 30 Ill., 459; 14 Gray, (Mass.) 52; 9 Allen, (Mass.) 266; 8 B. Mun., (Ky.) 433; 32 Texas, 258.

We know of no authority, nor has any been cited, where the express power is given that it may not be exercised. Neither has any been shown, and we apprehend none can be, that gives a non-resident, non-taxpaying person the enjoyment of a privilege or right which is denied to a resident, taxpaying person.

The principle of forfeiture discussed on the argument is not in this case.

Our judgment is that the ordinance is authorized and lawful; that if the defendants in error had any right whatever in the premises, they had ample common law remedies; that the granting of the injunction was error, and that the judgment must be reversed on both grounds.

Judgment reversed.