Brande vs. Bond.

BRANDE, Appellant, vs. BOND, Respondent.

*April 2 — April 28, 1885.*

*(1) Receiver: Sale: Impeachment in collateral action. (2) Partnership: Garnishment. (3) Action by defendant against garnishee: Practice.*

1. Where a sale of personal property by a receiver under an order of a circuit court has been confirmed, its validity cannot be impeached in an action of replevin brought in another court by a party to the action in which the property was thus sold, against a person claiming title under the sale.

2. *Quære* whether partnership property can be garnished or attached at the suit of a creditor of one of the partners, before the partnership affairs are settled and it is made to appear that such partner has an interest in the partnership funds which can be applied to the payment of his individual debts.

3. *It seems* that the order provided for by sec. 2770, R. S., permitting the commencement of an action by the defendant or his assignee against a garnishee, during the pendency of the garnishee action, may be *ex parte* and need not be made in the garnishee action, but may be entitled as in the action which it gives leave to institute.

APPEAL from the Circuit Court for *Milwaukee* County.
This was an action of replevin brought to recover certain
personal property consisting of books, maps, plats, and
papers, used in making abstracts of title.    The plaintiff
showed that the property formerly belonged to the firm of
Brande & Thiers, which consisted of himself and Herbert
M. Thiers; that the firm ceased to exist August 1, 1879;
that the debts of the firm to a large amount had never been
paid; that there had never been a settlement between him-
self and his copartner; that October 18, 1881, Thiers as-
signed his interest in the property to his mother, Louisa K.
Thiers, and that after such transfer the plaintiff retained
possession of the property until it was turned over to the
receiver hereinafter mentioned.    The defendant claimed
title as the vendee of the purchaser of the property at a
sale by the receiver appointed in an action in the circuit
court for Kenosha county, brought by Louisa K. Thiers
against the plaintiff for an accounting and a settlement of
the affairs of the partnership of Brande & Thiers.    Before
this latter action was brought the plaintiff therein, on her
affidavit of the facts, procured an order, entitled as in that
action, giving her leave to institute it notwithstanding the
garnishee proceeding mentioned in the opinion.

The court below found as conclusions of law that the
order of sale by the receiver in the case of *Thiers v. Brande*,
and the order confirming the sale, were conclusive, and could
not be disregarded or impeached in the action of replevin,
and rendered judgment accordingly in favor of the defend-
ant.    The plaintiff appeals.    Other facts are stated in the
opinion.

For the appellant there was a brief by *Finches, Lynde
& Miller*, and oral argument by *Mr. Geo. P. Miller* and *J.
G. Flanders*.

For the respondent the cause was submitted on the brief
of *Charles Quarles*.

Cole, C. J.  The court below was indubitably right in holding that the receiver's sale, under which the defendant asserts title to the property in controversy, cannot be impeached in this action.  A few statements of fact founded upon the record evidence will be sufficient to show the correctness of this view of the case.  It appears that Mrs. Thiers, to whom Herbert M. Thiers had transferred his interest in the property, commenced a suit, in which the present plaintiff was made defendant, for an accounting and settlement of the copartnership business of Brande & Thiers, asking for the appointment of a receiver to receive and sell the partnership effects, and that the proceeds of the sale be divided between the parties.  The defendant in that action was served with process, appeared, and answered.  In his answer he likewise asked for an accounting, and that a receiver be appointed; that the partnership property be sold, and that the proceeds be held by the receiver, or paid into court, to await the final disposition of the cause.  A receiver was appointed, who qualified,— or who attempted to qualify,— and took possession of the property.  Then the parties to that action, by their attorneys, executed and filed a written stipulation that the court enter an order, without notice, authorizing the receiver to sell the property now in dispute, and such property was sold and bid in by the vendor of the present defendant.  The receiver's sale was confirmed by the court, after full hearing of the parties, on the report of the receiver.

Now, some objections are taken to the proceedings of the receiver.  It is said he never qualified by giving the requisite bond, and did not make the sale pursuant to the order of court.  But it is very clear that these objections cannot now be considered in this collateral suit. When the court confirmed the receiver's sale, it necessarily passed upon its regularity.  It was the duty of the court then to ascertain whether the receiver had proceeded accord-

ing to its order in making the sale or not. The order of confirmation was a direct adjudication of the regularity of the action of the receiver, and we cannot now go behind the sale made by him. It certainly cannot be impeached in this suit, but must be considered conclusive as to the title derived from the sale. As observed by defendant's counsel, it would be novel doctrine to hold that the circuit court of Milwaukee county, in this action of replevin, had power to correct and set aside the orders of the circuit court of another county directing the receiver to make the sale, and confirming it when made. The property sold was mainly abstract books, which were bid in by the vendor of the defendant, and are in controversy here.

It is further claimed that the circuit court of Kenosha county had no jurisdiction to appoint a receiver of these abstract books, and to direct their sale, as it did. This position is founded upon these facts: Prior to the commencement of the action of *Thiers v. Brande* for a settlement of the partnership matters, one Northrop had instituted a suit in the circuit court of Kenosha county against Herbert M. Thiers to recover the sum of about $2,500, in which last suit the plaintiff herein had been garnished, and all the property of Herbert M. Thiers in his hands had been attached, including these abstract books. This garnishee suit was pending when the equity suit was commenced. Now it is said sec. 2770, R. S., expressly prohibited the bringing of the latter suit. That section provides that no action shall be commenced by the defendant or his assignee against a garnishee upon any claim or demand liable to garnishment, or to recover any property garnished, until the termination of the garnishee action; but, upon cause shown, the court or judge may, by order, permit the commencement of such an action. It is a very serious question whether these abstract books, under the circumstances, could be attached or garnished by a creditor of one of the partners.

They were partnership property, and the affairs of the partnership had not been settled. Until such settlement it would, of course, be impossible to tell what the interest of one of the partners in the firm property was. The creditors of the firm, upon well-settled principles, would first have to be paid out of the partnership property, and the accounts between the partners themselves would have to be adjusted, before the interest of one of the partners could be ascertained. The partnership effects might be wholly exhausted in the payment of the partnership liabilities. The partnership might even be insolvent. On settlement of the partnership matters the partner whose interest was attached might turn out to be a debtor of the firm, and entitled to nothing. In view of these considerations, and others which might be suggested, it is exceedingly doubtful whether the law should allow the partnership property to be attached or garnished at the suit of a creditor of one of the partners before the partnership affairs are settled and it is made to appear that such partner has an interest in the partnership funds which can be applied to the payment of his individual debts. But, without deciding this question, if we assume that the interest of Thiers in these abstract books was liable to be attached or garnished at the suit of his creditor, so as to bring the case within sec. 2770, then the record shows that Mrs. Thiers made application and had leave to bring her action.

It is said that the order granting leave was a nullity because not made in an action, and was made without notice. The force of this objection is not obvious. There was no action then pending except the garnishee suit, and it would be anomalous practice to require her to apply for leave in that suit.

On the whole record we think the judgment of the circuit court is correct, and must be affirmed.

*By the Court.*— Judgment affirmed.