CRUM *v.* BRAY, marshal.

1. Under the general welfare clause in the charter of a municipal corporation, the mayor and council have authority to pass an ordinance providing that hogs shall not be allowed to run at large within the corporate limits.

2. In order to make such an ordinance effectual, such mayor and council have authority by ordinance to empower the marshal to seize and impound such hogs as are at large in the streets, and to provide that, after giving notice to the owner by advertising for ten days, he shall, at the expiration of that time, sell such hogs unless they are redeemed by the owner's paying the cost of feeding and an impounding fee of fifty cents for each hog.

3. Such an ordinance is not illegal as providing for the forfeiture of the animals impounded.

Argued December 14, 1904.—Decided January 27, 1905.

Trover. Before Judge Henderson. City court of Vienna. August 22, 1904.

*Crum & Jones,* for plaintiff. *E. F. Strozier,* for defendant.

SIMMONS, C. J. The city council of Cordele passed an ordinance which provided: "It shall be unlawful for hogs to run at large upon the streets and sidewalks of the City of Cordele, the same being declared a nuisance. All hogs found at large upon the streets and sidewalks of said city . . shall be impounded by the marshal or policeman in a suitable pound, and, when so impounded, shall be advertised at the post-office and council chamber by the marshal for ten days, at the end of which time they shall be sold, if not redeemed by the owner. The owner of said hog or

hogs shall pay all cost of feeding, and fifty cents additional. as an impounding fee for each hog so impounded." Under this ordinance the marshal of Cordele seized and impounded one suckling pig, of the value of fifty cents, belonging to Crum, the plaintiff in error. Thereupon Crum brought an action of trover against the marshal to recover the pig. The marshal set up the foregoing ordinance in justification of his acts, and stated that he stood ready to deliver the pig to the plaintiff upon the payment of the impounding fee prescribed in the ordinance. The case was heard by the trial judge upon the petition and answer; and he held that the marshal was in lawful custody of the pig, and that plaintiff was not entitled to recover it without paying the fees prescribed in the ordinance. To this ruling Crum excepted. The assignments of error in the bill of exceptions are very meager and indefinite; but in his argument the plaintiff in error contended, (1) that the mayor and council had no power to declare a thing a. nuisance which was not a nuisance at common law or by statute, and that even this right was limited by the charter of Cordele; and (2) that the enforcement of the ordinance providing for the sale of hogs amounted to a forfeiture of his property without due process of law.

1. We think it clear that, under the general welfare clause in the charter of the City of Cordele, the mayor and council had authority to pass the ordinance above set out. This clause of the charter is similar to that occurring in most of the charters granted to municipal corporations by the legislature of this State. This general welfare clause confers broad and general powers upon the city authorities. Under such a clause the municipal authorities can pass any reasonable ordinance, for the health, safety, protection, comfort, and good government. of the people of the city, which is not in conflict with the special provisions of the charter or with the constitution and laws of the State. The charter of Cordele did give special power to remove as nuisances certain buildings, chimneys, fences, and porches which should become dangerous to the public or an obstruction of the city streets, but this special enumeration was clearly not intended to be exhaustive of the powers of the city with regard to declaring what should be considered nuisances or with regard to abating nuisances. Under the general welfare clause the city had authority to provide for

the abatement of any nuisance not dealt with in the provisions of the charter which gave these special powers. Even at common law, permitting hogs to run at large upon the streets of a city is a nuisance. Hellen v. Noe, 3 Ired. L. (N. C.) 493. It is therefore clear that the city authorities had full power and authority to pass an ordinance making it unlawful to permit hogs to run at large upon the streets and sidewalks of the city.

2. Incidental to this power, and in order to make such an ordinance effectual, the city had authority to provide that the marshal should seize and impound hogs found at large upon the streets and sidewalks, and, after ten days advertisement, to sell the same unless they were redeemed by the owner's paying the cost of feeding and the impounding fee of fifty cents.

3. To the question whether the ordinance amounted to a forfeiture we have devoted considerable time and study. After reading many authorities we have come to the conclusion that the municipal authorities have power to seize and impound animals unlawfully upon the streets and have them sold for the purpose of paying the reasonable cost of feeding and the impounding fee, provided there is sufficient notice given. This view is sustained by the great weight of authority as found both in decisions and in text-books. Ordinances providing for the seizure and sale of animals found at large, without any provision for notice to the owner, have been held to amount to a forfeiture, especially where the proceeds of the sale were disposed of in some way other than by deducting the expenses and paying over the remainder to the owner of the animals sold. So ordinances providing for the sale of the animals and the deduction from the proceeds of the reasonable impounding fee and expenses, and for a fine imposed upon the owner, without notice or judicial inquiry, have been held invalid as depriving the owner of the right of trial and as forfeiting or confiscating his property without due course of law. Very different from such cases is the present one. Here there is no fine imposed as a penalty upon the owner of the impounded hog. His property is seized because it is upon the streets and has become a nuisance which should be abated. Its detention for ten days is itself one form of notice to him,—a form of notice similar to that given in attachment. The ordinance also provides for public advertisement for ten days, which is also constructive notice. There

is no forfeiture of the property, but it is sold to pay the reasonable expenses unless the owner prefers to redeem it by paying those expenses. If the seizure and detention of the hog is unlawful, the owner is not without his remedy by due course of law. He can be fully heard and have all material questions judicially determined by an action of trover, which, in this State, "may be employed in any case in which replevin, detinue, or trover could be used at common law." *Mitchell* v. *Ga. & Ala. Ry.,* 111 *Ga.* 762. This is, indeed, the remedy pursued by the plaintiff in error in the present case. For these reasons we think the contentions of the plaintiff in error unsound.

One of the ablest opinions upon this subject which we have found is that of Valentine, J., in Gilchrist *v.* Schmidling, 12 Kans. 263. That case arose under an ordinance which provided for the impounding of cattle running at large in the streets of the city in the nighttime, and which in other respects was similar to that involved in the present case. In the opinion Justice Valentine said: "Now it will be admitted that, where the law or an ordinance provides that the owner of cattle shall, in addition to the cost of taking them up, impounding, and keeping them, pay for the damages they may do to private individuals while unlawfully running at large, the question of damages and the amount thereof can be determined only by judicial investigation, and generally in a suit between the parties interested. (Bullock *v.* Geomble, 45 Ill. 218.) And it will also be admitted that where fines, or forfeitures, or anything of a penal or criminal nature or character is imposed, the question of whether the owner of the stock is liable for the same can only be determined by judicial investigation. (Const., Bill of Rights, § 10; Pappen *v.* Holmes, 44 Ill. 360; Willis *v.* Legnis, 45 Ill. 289.) It will also be admitted that some notice of some kind must be given, in order to render a sale of the property valid. (Rosebaugh *v.* Luffin, 10 Ohio, 32.) And it will also be admitted that the ordinance must be authorized by law, or the charter of the city, in order to be valid. (See, as sustaining these propositions, Rockwell *v.* Nearing, 35 N. Y. 302, 307; Campbell *v.* Evans, 45 N. Y. 356; Happy *v.* Mosher, [48 N. Y. 313]; Ames *v.* The P. M. L. D. & B. Cos., 11 Mich. 147.) But when nothing is attempted to be imposed upon the owner of the stock, as damages or penalty, but only the reasonable cost of

taking up, impounding, and keeping the same, and sufficient notice is provided for, and the ordinance authorized by the city charter, it is believed that no court has ever held the law, or the ordinance founded thereon, to be unconstitutional, or invalid, although the sale may not be made under judicial process, although there may be no provision for a judicial investigation, except the general remedies to determine whether the law or the ordinance has been complied with, and although the notice provided for may not be a personal notice but only a notice by publication, or by posting. The ordinance which we are now considering does not attempt to impose upon the owner of the stock any damages or penalty, but provides merely for payment for taking up, impounding, and keeping the stock and for posting notices of sale and making the sale. . . Only the charge for taking up and impounding applies in the present case; for no other charges had yet accrued when the cattle were replevied, and no other charges were required from the owner before the officers were willing to surrender the cattle to the owner. Every charge authorized by said ordinance must be considered as remedial, in contradistinction to penal; and therefore does not come within those decisions which declare that a penalty can be imposed by judicial determination. Cattle running at large in the nighttime, in a city, are supposed to be a nuisance, or at least such a thing is supposed to be against the best interests of the public; hence they are taken up and impounded, not as a penalty against the owner, but as a protection to the public; and the fees are fixed merely as reasonable compensation for the trouble of taking them up and keeping them, and not in any sense as a penalty. These fees immediately become a lien upon the cattle and can only be discharged by payment; and the owner has no right to the possession of his cattle until he makes this payment and discharges this lien. This is as far as this case goes, and this far the law and the ordinance must be valid beyond all doubt. No sale was attempted to be made in this case, and no fees were charged except for taking up and impounding the cattle. Whether the officers could have made a valid sale of the cattle, if they had not been replevied, it is not necessary now to determine; but yet we think they could. The officers were required to keep them at least six days before they offered them for sale, and could not

then or at any time sell them without first giving at least three days' notice of the sale by posting notices in at least three public places in said city. . . That ordinances and proceedings similar in their main features to those we are now considering are valid, we would refer to the following authorities: Hellen *v.* Noe, 3 Iredell (N. C.) Law, 493; Whitfield *v.* Longest, 6 Iredell, 268; Gooselink *v.* Campbell, 4 Iowa, 296; Gilmore *v.* Holt, 4 Pick. 257; and Rockwell *v.* Nearing and Campbell *v.* Evans, supra. Such proceedings as these do not determine a man's rights without giving him his day in court. He has his action of replevin, from the very moment that the officers take possession of the property until the statute of limitations bars such an action to try the legality and validity of the proceedings whereby his property is taken. And if any irregularity or injustice should intervene, that would render the taking-up of the property void; the same would also render the sale, and all other proceedings connected therewith, void. And all this could be shown in an action of replevin. For instance, if some enterprising city marshal or other officer should take up a cow in the daytime, or should take her from an inclosure in the nighttime, or should go beyond the city limits to find her, these facts could be shown in an action of replevin, and after the sale as well as before, and would render the sale and every proceeding connected therewith, or with the taking-up of the cow, void. Thus, the owner of the cow, or the owner of any other stock, taken up and impounded, has 'for injuries suffered' an ample ' remedy by due course of law.'" In addition to the cases cited above, see *Mayor of Cartersville* v. *Lanham,* 67 *Ga.* 753; Mayor of Knoxville *v.* King, 7 Lea, 441; Moore *v.* State, 11 Lea, 35; Wilcox *v.* Heming, 63 Wis. 144; City of Waco *v.* Powell, 32 Tex. 258; 2 Cyc. 437–439; 1 Dill. Mun. Corp. (4th ed.) §§ 348–351.

Judgment affirmed. All the Justices concur.