## 1198.  GEER v. THOMPSON.

1. Under the general welfare clause of its charter, the city council of Colquitt had authority to pass an ordinance prohibiting the running at large of cattle within its incorporate limits, without regard to whether the County of Miller, in which the city is situated, had adopted the provisions of the stock law or not.

2. An action in trover, brought to recover possession of cattle, can be successfully resisted by proof that the cattle were legally impounded, in accordance with a proper ordinance, by the marshal of an incorporated town or city. In such a case there is in fact a failure on the part of the plaintiff to make out his case, because the maintenance of an action in trover depends as much upon showing conversion on the part of the defendant as upon proof of title in the plaintiff.

.3. Where the verdict of a jury upon the real issues between the parties is so explicit that it is impossible to mistake its meaning, any finding upon matters not in issue, which may be incorporated in the verdict, may be rejected as surplusage.

Trover, from city court of Miller county—Judge Bush.  February 25, 1908.

Submitted July 14,—Decided September 28, 1908.

*W. I. Geer,* for plaintiff.  *Bush & Stapleton,* for defendant.

RUSSELL, J.  Geer brought an action of trover against Thompson, for the recovery of four head of cattle. Thompson was marshal of the City of Colquitt, and in his answer claimed to be holding the cattle in question by virtue of an ordinance of said city, forbidding the straying of cattle, hogs, and sheep on the streets of the city. He claimed that he impounded the cattle in accordance with his duty, and that he did not return them to the plaintiff because he refused and still refuses to pay the impounding fee required by the ordinance. Upon the trial of the case the jury returned the following verdict: "We, the jury, find in favor of the defendant, for $2." The plaintiff moved for a new trial, which was denied, and he now excepts to the judgment refusing a new trial. The errors assigned upon the verdict are that it is contrary to the evidence and contrary to law, and, by an amended ground, objection is taken to the form of the verdict, and it is especially insisted that there was no evidence before the court and jury upon which to base the verdict, and that it "is not supported by any evidence at all."

Three questions are raised by the record: (1) whether the city council of Colquitt had the authority to pass the ordinance in

question; (2) whether an action of trover for the recovery of cattle can be successfully resisted by proof that they were impounded according to law; and (3) whether the verdict as rendered is void.

1. The ordinance, which the plaintiff in his petition claimed the City of Colquitt had no right to pass, is as follows: "It shall be unlawful for any hogs, cattle, sheep, goats, horses, mules, or any other animals, excepting dogs and cats, found running at large; and before said animals are released from the pound the owner or owners thereof shall pay to the marshal fifty cents for each animal impounded, and ten cents for each day or fractional part thereof for which said animals shall remain in pound." We think the City of Colquitt, under the general welfare clause of its charter, had the right to prevent, by such an ordinance as appears in the record, the running at large of such domestic animals as might tend to create a nuisance or otherwise inconvenience the inhabitants of the municipality. The public streets of a town are not designed for pasturage purposes; nor does it matter that the provisions of the stock law are not applicable to the county in which the municipality is situated. The power of the incorporated town or city to control the territory within the limits of its incorporation is not affected by the fact that beyond its incorporate limits cattle are permitted to run at large. If a municipal corporation, in the exercise of its right to protect the health and comfort of its citizens, sees proper to pass an ordinance prohibiting the running at large of cattle or other live stock within its own incorporate limits, this right is of full effect within those limits, regardless of what may be the regulations upon the subject of live stock in other portions of the county beyond the incorporate limits. Even at common law, permitting cattle to run at large upon the streets of a city is a nuisance. *Hellen v. Noe,* 3 Ired. L. (N. C.) 493. Upon these same subjects see *Crum v. Bray,* 121 *Ga.* 710 (49 S. E. 686); *Bearden v. Madison,* 73 *Ga.* 184 (3); *Mayor of Cartersville v. Lanham,* 67 *Ga.* 753. In the latter case, Judge Crawford, speaking for the court, says: "The streets of an incorporated city or town are reserved and set apart for the public use. No individual can, therefore, appropriate them to his private use. If he has the right to turn six hogs into the public streets . . , he has the right to turn six hundred, for the legal principle is not governed by the number, but by the right. In-

dividuals have no more legal right to claim pasturage of the public for their hogs than they have swill or corn. Many of the best and highest authorities on this subject go to the extent of holding that where general police power is granted, or power to abate nuisances, etc., is given, even they confer the right to pass and enforce such an ordinance." Citing Dill. Mun. Corp. (3d ed.) §402; Third Municipality *v.* Blane, 1 La. Ann. 385; Roberts *v.* Ogle, 30 Ill. 459; Com. *v.* Bean, 14 Gray (Mass.), 52; Com. *v.* Curtis, 9 Allen. (Mass.), 266; McKee *v.* McKee, 8 B. Mon. (Ky.) 433; City of Waco *v.* Powell, 32 Texas, 258.

2. Having determined that the city had the authority to pass the ordinance which authorized the marshal to impound the cattle in question, we come next to consider the question whether the fact that the marshal had legally impounded the cattle presented such a defense as could successfully resist the unquestioned proof that the plaintiff in trover had title to them. If the town had the right to pass the ordinance, the plaintiff failed to make a case, because it was settled as early as the case of *Smith* v. *Kershaw,* 1 *Ga.* 259, that "possession acquired fairly, under legal process, is not a wrongful conversion." And the doctrine is reiterated in *Chipstead* v. *Porter,* 63 *Ga.* 220. The question recurs, then, whether the passage of the ordinance tended to deprive the plaintiff of his property without due process of law; and this has been settled in the *Crum* case, supra, in which Chief Justice Simmons, in behalf of the Supreme Court, approves and adopts the ruling of Mr. Justice Valentine in Gilchrist *v.* Schmidling, 12 Kan. 263.

3. It was unnecessary for the jury to have added to their verdict the words "for $2." The amount of the impounding fee was not in issue. But the verdict was not affected by the fact that the jury passed upon the amount of the impounding fee when the right of the possession of the property was the real issue and the amount due for the impounding only an incident. We have already held, in *Oliver* v. *Southern Ry. Co.,* 1 *Ga. App.* 734 (58 S. E. 244), that if more is found by the jury than is necessary, it may be disregarded as surplusage, and that what is thus found does not vitiate the portion of the verdict which is necessary and well founded. To grant a new trial where the finding of the jury is clear upon the real issues upon which they are to pass, merely because the jury assumed to pass upon matters not in issue, would

be to grant a new trial without sufficient cause.  See *Williams* v. *Brown,* 57 *Ga.* 304; *Worthan* v. *Brewster,* 30 *Ga.* 115 (3).

*Judgment affirmed.*