## STONE *v.* TOWN OF TALLULAH FALLS *et al.*.

1. Under the general welfare clause of the charter of the Town of Tallulah Falls (Acts 1889, p. 1003), that municipality has power to enact an ordinance prohibiting the running at large of hogs within the corporate limits.

2. In a suit against a municipality to enjoin the enforcement of an ordinance, where the plaintiff serves the municipality with notice to produce its book of ordinances, and the book is produced under notice, inspected by the plaintiff, and so much of the book as contains a certain ordinance is offered in evidence by the plaintiff, it is the right of the defendant to offer in evidence the book to prove any other ordinance therein, which may be relevant. The inclusion of the ordinance in the book of ordinances is prima facie evidence of its proper passage.

Submitted June 18,—Decided October 13, 1908.

Petition for injunction. Before Judge Kimsey. Rabun superior court. March 3, 1908.

*R. E. A. Hamby, T. L. Bynum,* and *Payne & Jones,* for plaintiff.

*W. S. Paris* and *H. H. Dean,* for defendant.

EVANS, P. J. Althea G. Stone filed her petition against the Town of Tallulah Falls, and the mayor, councilmen, and marshal of the town, to enjoin the defendants from impounding certain hogs belonging to her. In her petition she averred that the Town of Tallulah Falls had no authority under its charter to pass an ordinance for the impounding of hogs running at large on its streets. At the interlocutory hearing the court refused to grant the writ of injunction, and exception is taken to that order.

1.   In the act incorporating the Town of Tallulah Falls it is provided that the municipality "shall have power to pass and enact all laws and ordinances which may seem to them proper and just, not repugnant to the laws of this State and the United States." Acts 1889, p. 1003.   Under the broad powers of this general welfare clause of its charter, the mayor and council of the Town of Tallulah Falls have authority to pass an ordinance providing that hogs shall not be allowed to run at large within the corporate limits. *Mayor of Cartersville* v. *Lanham,* 67 *Ga.* 753; *Crum* v. *Bray,* 121 *Ga.* 709 (49 S. E. 689).

2.   The plaintiff served the defendants with notice to produce its book of ordinances at the interlocutory hearing.   The book of ordinances was produced under this notice, and the plaintiff introduced so much thereof as contained the following ordinance:.   "All ordinances or parts of ordinances passed or amended by the board must be approved by the mayor, but he shall not withhold his approval and signature to any ordinance or amendment that the full board may pass upon."   When the defendants offered so much of the book of ordinances as contained the ordinance providing for impounding hogs running at large on the streets of the town, objection was made to this evidence, on the ground that it did not affirmatively appear that the ordinance had been approved by any officer of the town.   The objection was overruled, and exception is taken to this ruling.   The book of ordinances kept by a municipal corporation containing a particular ordinance is prima facie evidence of its passage.   McQuillin's Mun. Ord. § 383.   A municipal ordinance may be proved by the production of the original book of ordinances, identified by the clerk of the corporation, and shown to have come from his custody.   *Met. St. R. Co.* v. *Johnson,* 90 *Ga.* 500 (16 S. E. 49).   In the present instance the book of ordinances was produced by the municipality under notice, it was inspected by the plaintiff, and a part of it introduced in evidence, and under Civil Code, § 5243, which provides that a notice to produce dispenses with proof as against the party giving the notice, further identification by the clerk of the corporation was unnecessary.

The foregoing rulings control the case, and the questions raised in the other assignments of error are immaterial.

*Judgment affirmed.   All the Justices concur.*