*S. P. New,* for plaintiff.

---

## 16199. PYLANT *v.* SCHOEN BROTHERS INCORPORATED.

1. An ordinance of the City of Atlanta which provides that "every licensed slaughter-house shall slaughter for the public without discrimination" is valid.

Animals, 3 C. J. p. 188, n. 47 New.
Appeal and Error, 4 C. J. p. 917-34; 939-22.
Damages, 17 C. J. p. 807, n. 78.
Municipal Corporations, 28 Cyc. p. 730, n. 79.

2. One who operates a licensed slaughter-house for the slaughter of animals for food within the limits of the City of Atlanta, and who arbitrarily and without cause refuses to slaughter animals for a member of the public, is liable in damages therefor.

3. The petition set out a cause of action and was good as against general demurrer.

4. Certain special demurrers were properly sustained.

DECIDED FEBRUARY 26, 1926.

Action for damages; from city court of Atlanta—Judge Reid. December 6, 1924.

Certiorari was granted by the Supreme Court.

*James W. Austin,* for plaintiff.

*Walter W. Visanska, Branch & Howard,* for defendant.

STEPHENS, J. 1, 2. The general welfare clause in the charter of a municipality authorizes the passage of reasonable ordinances for the protection, comfort, and good government of all the people of the municipality. *Crum v. Bray,* 121 *Ga.* 709 (49 S. E. 686, 1 Ann. Cas. 991). Under the authority of the general welfare clause a municipality may, in the interest of the public health, regulate or even perhaps prohibit entirely within its limits the business of slaughtering animals for food. Since a municipality might find it to be in the interest of the public health to discourage or even prohibit entirely within its limits the private slaughter of animals, it is a reasonable regulation to provide that those slaughtering for the public do so without discrimination. An ordinance of the City of Atlanta which provides that "every licensed slaughter-house shall slaughter for the public without discrimination" is a reasonable regulation, in the interest of the comfort and convenience of all the people of the city, and is valid under the general welfare clause in the charter of the city. It follows, therefore, that the owner and proprietor of a licensed slaughter-house operating under the authority of the City of Atlanta, whose business consists in slaughtering animals for their owners for a service charge, can not arbitrarily and without just cause refuse to render such service to any member of the public offering animals for slaughter.

3. This being a suit against the operator of a licensed slaughter-house in the City of Atlanta by a plaintiff who alleges that he was a butcher and vendor of meat in the community, and that the defendant, arbitrarily and without just cause, and to the plain-

tiff's damage in the destruction of his business, refused to slaughter animals offered by the plaintiff, thereby violating the provisions · of an ordinance of the city prohibiting such discrimination, the petition set out a cause of action and was good as against general demurrer.

4. There being no obligation upon the defendant to continue in business and to serve the public, and it not appearing that the plaintiff's business was totally destroyed by the act of the defendant, the future profits inhering in the plaintiff's business are not recoverable as items of damages. That paragraph of the plaintiff's petition wherein such profits were alleged to be part of the plaintiff's damage was properly stricken upon demurrer.

5. Certain allegations in the petition as to the amount of expenses incurred by the plaintiff in operating his business, and which the · plaintiff alleged were chargeable against his damages, were beneficial to the defendant, and the striking of the paragraph in which these allegations were made was not reversible error.

6. The paragraph of the petition alleging, as an item for recovery, attorney's fees incurred by the plaintiff in the conduct of the present litigation was properly stricken on demurrer.

　　　*Judgment reversed. Jenkins, P. J., and Bell, J., concur.*
This judgment was affirmed on July 15, 1926. 162 *Ga.*