## 20334. KITCHENS v. BRASSELL.

DECIDED DECEMBER 12, 1930.

*B. F. Walker,* for plaintiff.    *E. B. Rogers,* for defendant.

STEPHENS, J.    (After stating the foregoing facts.)    A patch of ground, whether described as a melon patch, a strawberry patch, or any other sort of patch, is necessarily realty; but an unmatured crop growing thereon,—as an unmatured melon crop,—is, under the provisions of the act approved August 21, 1922 (Ga. L. 1922, p. 114), personalty.    It therefore follows that damage to an unmatured melon crop growing upon a melon patch is a damage to personalty, and a suit to recover for damage to such crop, whether it is a suit ex contractu for the value of the crop, or portion thereof taken and converted, or is a suit ex delicto for a sum representing damage to the crop, is not a suit for damage to realty.    Conceding that damage to a patch, or to a patch which is of the descriptive character of a melon patch, is, in so far as the damage is to the patch alone, damage to realty, yet damage to a "melon patch," where the expression "melon patch" is indicative of a melon crop growing on the patch of ground, is a damage to the crop of melons,

and to that extent is necessarily a damage to personalty. In a suit in a justice's court, in which the niceties of pleading are not required, an allegation in the claim attached to the summons, that the sum sued for is "damage on melon patch," is not an allegation that the damage was to the patch of ground itself, as distinguished from a patch of ground and a melon crop thereon. Being an allegation that the damage occurred "on" the melon patch, and not to the patch of ground itself, the allegation must be taken as alleging damage not to the ground itself as constituting the melon patch, but as alleging damage which occurred on, or as respects, the entity which constitutes a melon patch. A melon patch is not only the ground constituting the patch, but is the ground together with the melon crop growing thereon. The existence of the melon crop upon the patch is essential to the constitution of the patch as a melon patch. Damage, therefore, whether "on" or "to" a melon patch, must necessarily be damage affecting the melon crop which is an essential constituent of the melon patch. Therefore the allegation in the plaintiff's claim is susceptible only to the construction that, whether it contains an allegation of damage to the patch of ground itself, it also alleges damage to the melon crop growing upon the plaintiff's melon patch, and is an allegation of damage to the growing crop, and is therefore an allegation of damage to personalty. The suit on its face is one to recover for alleged damage to personalty, and is therefore within the jurisdiction of the justice's court.

The justice of the peace, after the case had been appealed to a jury, erred in sustaining a demurrer upon the ground that it appeared upon the face of the suit that it was a suit for damage to realty and therefore beyond the jurisdiction of the court; and the judge of the superior court erred in not sustaining the certiorari sued out by the plaintiff.

*Judgment reversed. Jenkins, P. J., and Bell, J., concur.*