## 25293.   THOMBLEY *et al. v.* HIGHTOWER.

*Sapp & Barnes,* for plaintiffs.

*Franklin & Eberhardt,* for defendant.

SUTTON, J. Mrs. E. G. Thombley and G. C. Ellis filed against O. H. Hightower their joint action for damages on account of alleged trespass committed by certain cattle belonging to the defendant. It is alleged in the petition that Mrs. E. G. Thombley owned certain described land lying in Lowndes County, and wholly within the city limits of Valdosta, the county-site of said county; that in said county "the so-called 'stock law' is not of force, but in this respect the county is termed a 'fence-law' county;" that the land described is uninclosed; that at the time the cattle trespassed on the land and destroyed the crops growing thereon, there was of force in said city an ordinance that "it shall be unlawful for any person owning or keeping any . . cattle . . or other domestic animals . . to allow or permit them to run at large within the city, and any such person who allows or permits any such domestic animals . . to trespass upon the premises of any person, or to injure or damage his property, shall be guilty of a violation of this section," and that all cattle running at large on the streets of Valdosta shall be impounded by the police; that Mrs. E. G. Thombley and G. C. Ellis entered into an oral "share-croppers' agreement" by the terms of which the land was to be farmed, and the profits realized from the sale of the crops grown to be divided between them equally; and that on divers occasions the cattle of the defendant came on said premises and damaged and destroyed certain growing crops of both the plaintiffs in the sum alleged. The petition goes into detail as to the times the cattle entered on these lands, and as to the nature, quantity, and value of the crops destroyed by the cattle. It is alleged that the defendant was notified that his cattle were so trespassing, and was requested to keep them up and off of these lands, which he failed and refused to do; that the defendant operated a dairy in Valdosta, and the cattle were owned and maintained by him in connection therewith; that he was "aware of the damages caused by his cows, and thoroughly aware that further trespasses were constantly threatened, and defendant made no effort whatsoever to prevent the reentry of said cows upon the land aforesaid.

Plaintiffs allege that the defendant wantonly, with an entire disregard for the rights of others, made no effort whatsoever to prevent the recurrence of the several acts of the trespass herein charged. In consequence, plaintiffs pray for exemplary damages in the sum of $1000." The defendant demurred to the petition, on the ground that no cause of action is set up against him, and that the plaintiffs are not entitled to recover such damages as are therein sought. He demurred specially because there is a misjoinder of parties plaintiff and of causes of action, because it affirmatively appears from the allegations of the petition that Mrs. E. G. Thombley is the landlord and G. C. Ellis is the sharecropper under her as to the crops referred to in the petition, and if there be any cause of action it is solely and exclusively in favor of Mrs. Thombley.

The defendant by further demurrer attacked the act of 1901 (Ga. L. 1901, p. 670), amending the charter of the City of Valdosta, in which it was provided that the mayor and council thereof should have power and authority to regulate the keeping of domestic animals within its limits, and to prevent them from running at large therein, and to provide for the impounding of any of such animals found on its streets by its police officers; and also attacked the ordinance passed pursuant to said charter amendment, on the ground that they were unconstitutional and void, in that they violated that section of the constitution of this State declaring that "Laws of a general nature shall have uniform operation throughout the State, and no special law shall be enacted in any case for which provision has been made by an existing general law" (Code of 1933, § 2-401), for the reason that there was in existence and effective, as to counties not having the stock law in effect, the law providing for the enclosure of lands by fences as provided in chapter 62-4 of the Code and also section 62-801 of the Code, to the effect that the owners of animals in such counties would not be liable where they trespassed on the lands which were not enclosed as provided in the chapter 62-4 of the Code; and also because said charter amendment and ordinance were inconsistent with and repugnant to said general laws in the Code, and therefore void and unenforceable, if construed to mean that owners of land in said city did not have to enclose the same in order to recover for a trespass of cattle thereon. The

judge sustained the demurrers and dismissed the action, holding, however, that the act amending the charter of Valdosta and the city ordinance were not unconstitutional, but that they should not be construed as permitting a recovery for a trespass on lands not enclosed as provided in the fence laws of this State. To the judgment of dismissal the plaintiffs excepted.

The right to enjoyment of private property is an absolute right of every citizen, and every act of another which unlawfully interferes with such enjoyment gives rise to a cause of action. Any act which deprives the owner of personal property of the peaceful and quiet possession of such property is a tort for which the injured party may maintain an action. Code, § 105-1401, 105-1403, 105-1406. While this is true, Georgia for the most part is unfenced, and domestic stock may graze at large upon the unenclosed lands of persons without committing trespass. *Macon &c. R. Co.* v. *Lester,* 30 *Ga.* 911; *Georgia R. &c. Co.* v. *Neely,* 56 *Ga.* 540; *Georgia R. &c. Co.* v. *Churchill,* 113 *Ga.* 12 (38 S. E. 336). Except in counties where the stock law has been adopted, there is free range and pasturage, and persons desiring to plant crops, in order to protect them from cattle, must build fences in accordance with chapter 62-4 of the Code. In those counties where the stock law has been adopted, it is the duty of owners of domestic animals to keep them in enclosures protected by lawful fences, and cattle at large in such counties would be trespassing animals. *Harvey* v. *Buchanan,* 121 *Ga.* 834 (49 S. E. 281). At common law, cattle could not run at large (*King* v. *Ford,* 70 *Ga.* 628); and where cattle belonging to one person entered upon lands of another and committed injury to crops and herbage thereon, a right of action arose against the owner of such cattle for the damage done. In this State, however, this right is subject to statutory limitations, varying in accordance with whether the county where the land trespassed on lies is a county that has adopted the stock law or one in which the fence law prevails. "In any county which has not adopted the stock law as provided in chapter 62-5, if any trespass or damage shall be committed in any inclosure not protected by lawful fence, as prescribed in chapter 62-4, by the breaking in of any animal, the owner of such animal shall not be liable to answer for the trespass." Code, § 62-801. "At common law, if, by the negligent keeping of the

owner of hogs, they strayed upon the land of another and injured his crops, it was a trespass for which the owner was answerable in damages; and the party injured might either impound the cattle [hogs] until the owner should satisfy his damages, or he might bring an action for the trespass. This right of action is not altered by the statutes of this State, except that, in counties where the stock law does not obtain, the damage, in order to give a right of action, must be done on land enclosed by a lawful fence. Where the stock law obtains, provision is made for taking up and impounding animals running at large and holding them until damages and costs of keeping and maintenance are paid, and a summary remedy is given for damages by proceeding before a justice of the peace; but this remedy is cumulative and not exclusive, and it does not prevent a resort by the plaintiff to an action to test his right in the ordinary courts of justice." *Bonner* v. *DeLoach, 78 Ga.* 50 (2 S. E. 546).

But in this case we are dealing with trespass and damage to crops growing on lands lying within a city that has adopted, pursuant to legislative authority, regulations as to cattle within its corporate limits, by ordinance prohibiting them from running at large therein, which provides that there is a violation thereof whenever the owner of cattle allows them to run at large within the city and trespass on or commit injury to the lands and crops of another. Such an ordinance may be lawfully enacted by a municipality, regardless of whether the county in which such city is situated is a stock-law or no stock-law county, and is regarded as designed for the protection of the property and of the health and safety of the citizens thereof. The streets and open lands in a city are not to be regarded as a common pasturage, where there is a municipal ordinance preventing stock from running at large therein. In such a case it does not "matter that the provisions of the stock law are not applicable to the county in which the municipality is situated. The power of the incorporated town or city to control the territory within the limits of its incorporation is not affected by the fact that beyond its incorporate limits cattle are permitted to run at large. If a municipal corporation, in the exercise of its right to protect the health and comfort of its citizens, sees proper to pass an ordinance prohibiting the running at large of cattle or other live stock within its own

incorporate limits, this right is of full effect within those limits, regardless of what may be the regulations upon the subject of live stock in other portions of the county beyond the incorporate limits." *Geer* v. *Thompson,* 4 *Ga. App.* 756 (62 S. E. 500). See also *Thorpe* v. *Savannah,* 13 *Ga. App.* 767 (79 S. E. 949); *Stone* v. *Tallulah Falls,* 131 *Ga.* 452 (62 S. E. 592); *Crum* v. *Bray,* 121 *Ga.* 709 (49 S. E. 686, 1 Ann. Cas. 991); *Mayor &c. of Cartersville* v. *Lanham,* 67 Ga. 753; and *Curtis* v. *Helen,* 171 *Ga.* 256 (155 S. E. 202), to the effect that such an ordinance is valid, and that neither the legislative act nor the ordinance passed pursuant thereto is violative of the constitutional provision that no special law is valid where there is an existing general law on the subject; and that such an ordinance is not repugnant because in contravention of the provisions of the fence or stock laws, they being general statutes. It seems that where a city has adopted regulations as to cattle within its limits, neither the provisions of the stock law nor of the fence law extend to and are applicable therein. Therefore, in a county like Lowndes, wherein the fence law is of force, but has a city like Valdosta, which has specifically been given by its charter authority to enact ordinances regulating stock within its incorporate limits, and has adopted an ordinance prohibiting certain domestic animals, including cattle, from running at large therein, the provisions of the fence law would not be applicable within the incorporate limits, and a person owning stock therein would not be allowed to let his cattle run at large and trample upon and destroy his neighbor's herbage, gardens, and crops. See *Curtis* v. *Helen,* supra. Were this not true, such charter provision and the ordinance passed in pursuance thereof would be without force and effect. This being so, it stands to reason that, stock not being permitted to range at large in the city, a person would not have to fence his lot or his small field or garden as provided in the Code, §§ 62-401 et seq. It not being incumbent on an owner or occupant to fence land in the City of Valdosta, where a person unlawfully allows his cattle to run at large within the corporate limits thereof, not only may they be impounded by the city authorities, but if such cattle enter on the land of another person and do damage thereon, although such land be not fenced nor otherwise enclosed, the damaged person may maintain an action

722

for the injury to his crops; and the provisions of section 62-801 of the Code, to the effect that the owner of animals trespassing upon and damaging lands not enclosed as provided in sections 62-401 to 62-403 are not liable (these being provisions of the fence law, and applicable only where the fence law prevails), are not applicable.

The petition in this case was not subject to special demurrer in that there was a misjoinder of parties plaintiff and of causes of action, because the right of action in this case, if any, was wholly in the landlord who owned the premises trespassed on, and not in the share-cropper, who had a half interest in the crops destroyed. While the trespass was on the land of the landlord, the injury was done to the crops growing on the land, and these crops are not now to be considered part of the realty, but as personalty (Code, § 85-1901); and the cropper had such an interest in such crops, even though all of the crops had not matured and his contract had not been fully completed by him, as would support an action against one who wrongfully destroyed them. This right of action was joint and several with that of the landlord who likewise had an interest in the crops. Code, §§ 61-501 et seq. *Lewis* v. *Owens*, 124 *Ga.* 228 (52 S. E. 333); *Kitchens* v. *Brassell*, 42 *Ga. App.* 332 (155 S. E. 905).

Counsel for the defendant in their brief make this admission: "Except for the fence-law statutes of this State, herein adverted to, plaintiff's petition clearly sets out a cause of action." Under the foregoing rulings, it was error to dismiss the action on demurrer.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*