29542. McKENZIE *v.* POWELL *et al.,* receivers.

DECIDED NOVEMBER 12, 1942.

*Clarence E. Adams,* for plaintiff.

*R. Howard Gordon, John B. Gamble,* for defendants.

MACINTYRE, J. The plaintiff brought suit against the receiver of the railroad company for damages, alleging that the railroad company caused the death of five head of his cattle of the value of $415; that the railroad sprayed the right of way for a width of thirty feet with a chemical, poisonous to animals, for the purpose of killing the vegetation along the right of way; that "when petitioner learned that said right of way had been poisoned with a most deadly poison to animals, and knowing that same constituted an absolute menace to any animal which might escape from his said pasture, and be attracted by the freshly killed and cured vegetation, with an attractive odor and the taste of freshly cured hay very much relished by cattle, he secured help and went around his pasture, examining all portions of the fence, trying to make sure that none of his cattle would be able to break through the fence enclos-

ing his pasture and onto the said freshly cured hay on the said railroad right of way;" and that the cattle were so attracted by the poisoned vegetation as to break through the fence onto the right of way and eat the vegetation. The defendant filed a general demurrer which was sustained. The plaintiff excepted.

Recovery is sought because of a dangerous statical condition of the premises, and not because dangerous active operations were being carried on (active negligence). *Atlantic Coast Line R. Co. v. O'Neal,* 180 *Ga.* 153 (178 S. E. 451); *Leach* v. *Inman,* 63 *Ga. App.* 790 (12 S. E. 2d, 103).

There are some counties in Georgia known as "no-fence" counties, and others known as "fence" counties. In the former the stock law has been adopted as provided in Code §§ 62-501 et seq. Such is the kind of county in which the alleged injury in the instant case occurred, and in such a county it is the duty of the owner to fence his cattle, that is, the owner of the cattle is bound, at his peril, to keep them off the lands of other people. Code § 62-601. In the "fence" counties the stock law has not been adopted, and it is the duty of the owners of land to protect their premises and crops by fencing against animals which are allowed to roam at large. *Harvey* v. *Buchanan,* 121 *Ga.* 384 (49 S. E. 281); *Thombley* v. *Hightower,* 52 *Ga. App.* 716, 719 (184 S. E. 331). In a "no-fence" county, such as the one here in question, where the cattle are not allowed to roam at large, he who suffers his cattle to go at large takes upon himself the risk incident to it. Posey *v.* Md. & Pa. R. R. Co., 16 Pa. Dist. & Co. Rep. 169. In other words, the risk here involved was on the plaintiff, unless the cattle were injured by wilful and wanton negligence. The petition does not allege any wilful or wanton negligence. On the contrary, the plaintiff had notice of the use of the poisonous substance, and there was no allegation of wilful and wanton negligence.

In counties where the stock law has been adopted, it is the *duty* of the owner of the cattle *to keep them in an enclosure* protected by lawful fences, and cattle at large in such a county are trespassing animals. *Harvey* v. *Buchanan,* supra. It is undisputed in this case that the cattle were on the defendant's right of way in a no-fence county without license. If so, they were there wrongfully. How can the plaintiff separate his case from the wrong done by the cattle? If the cattle were at fault it was because the

owner was at fault in not restraining them. He was bound to do so at his peril. He did not restrain them, and it follows that he can not demand compensation for the injury to them. *Georgia Railroad &c. Co.* v. *Neely,* 56 *Ga.* 540 (that case refers to "fence" counties); *Macon & Western R.* v. *Davis,* 13 *Ga.* 68; Beinhorn *v.* Griswold, 27 Mont. 79 (69 Pac. 557, 59 L. R. A. 771, 94 Am. St. R. 818); Knight *v.* Abert, 6 Pa. 472 (47 Am. D. 478); Williams *v.* Michigan Central Ry. Co., 2 Mich. 259 (55 Am. D. 59); *Brunswick & Western R. Co.* v. *Wiggins,* 113 *Ga.* 842, 849 (39 S. E. 551, 61 L. R. A. 513); *Leach* v. *Inman,* 63 *Ga. App.* 790 (12 S. E. 2d, 103).

The right of way of the railroad company was in no sense an attractive nuisance because of the alleged tempting odor and flavor of the killed and poisoned vegetation, the maintenance of which would make it liable for injuries sustained by trespassing cattle. To illustrate: in this State cotton is commonly sprayed with a dangerous chemical known as calcium arsenate to kill the boll weevils (destroying insects) thereon. If, in a "no-fence" county, the cattle break out of pound and come in contact with the sprayed cotton and eat the sprayed vegetation, the farmer who sprayed the cotton is not liable to his neighbor because the cows break out of the pasture and go over to his field and eat the vegetation and are poisoned thereby. If it is said that cotton is not one of the most attractive foods to cattle, to illustrate further, suppose the farmer's crop is on land in a "no-fence" county adjoining the pasture of another, and instead of cotton there is growing thereon green rye or oats, probably the most palatable natural food known to cattle, and the rye or oats are attacked by destroying insects, and the farmer applies poison to the rye or oats to destroy the insects, and this poison gives them a much more attractive odor and flavor, and the cattle break out of the pasture adjoining the same and go into such field of rye or oats and eat thereof, and are poisoned and injured therefrom, can the owner of the field be held liable on the theory of an attractive nuisance? We think not.

*Georgia Railroad &c. Co.* v. *Churchill,* 113 *Ga.* 12 (38 S. E. 336); *Atlanta & West Point R. Co.* v. *Hudson,* 2 *Ga. App.* 352 (58 S. E. 500); *Seaboard Air-Line Ry.* v. *Parish,* 16 *Ga. App.* 632 (85 S. E. 950); *Weatherington* v. *G. S. & F. R. Co.,* 17 *Ga. App.* 584 (87 S. E. 844); *Keiley* v. *Bristol,* 30 *Ga. App.* 725 (119 S. E. 334);

288

*Pollard* v. *Walton,* 55 *Ga.* 353 (190 S. E. 396), and the other cases cited by the plaintiff are differentiated by their facts from this case. The property owner, the railroad company, is not liable, under the allegations of the petition, for injuries to the trespassing animals, and the judge did not err in sustaining the general demurrer.

*Judgment affirmed.* *Broyles, C. J., and Gardner, J., concur.*