36441. ATLANTIC COAST LINE RAILROAD COMPANY *v.* SCOTT.

DECIDED JANUARY 18, 1957—REHEARING DENIED FEBRUARY 5, 1957.

72

*Bennet & Vann, W. W. Alexander, Thomas K. Vann, Alexander, Vann & Lilly,* for plaintiff in error.

*E. P. McCollum, Jesse J. Gainey, Titus, Altman & Johnson, Charles F. Johnson,* contra.

CARLISLE, J. ■ The one special demurrer, based on the failure of the plaintiff to allege whether Thomas County was a fence or no-fence county, is expressly abandoned by counsel for the defendant in his brief on file in this court and presents no question for determination by this court. Code § 6-1308.

■ The general demurrer and special grounds 2, 3, 4, 6, 7, 9, 10, and 11 all present various facets of the same question and will be considered here together. This question is what degree of care is owed by a railroad company in the operation of its trains to livestock on its tracks and right-of-way in a no-fence county? Counsel for the defendant railroad contends that under the provisions of Code § 62-501 the owner of livestock must fence his cattle, and in a no-fence county cattle coming upon the right-of-way of the railroad company are trespassers, which changes the railroad's duty from one of ordinary care to avoid injuring cattle on its right-of-way to a duty not to wilfully and wantonly injure cattle upon its right-of-way after it has discovered their presence. Whatever the trend may be in other

States, the duty owed by the railroad to cattle in a no-fence county is no longer open to question in Georgia. In 11 GBJ 495, Mr. Sidney O. Smith, Jr., of the Gainesville Bar, in reviewing *Aycock* v. *Callaway*, 78 *Ga. App.* 219 (51 S. E. 2d 53) has quite cogently expressed the status of the law as it exists today in this State: "At common law, the owner of domestic animals was bound to keep them off the land of others and a failure to do so constituted trespass. Gayler & Pope *v.* Davies & Son, 2 K.B. 75 (1924); Light *v.* United States, 220 U. S. 523, 31 S. Ct. 485 (1911). Many States, however, repudiated the rule as inapplicable to the conditions of our fast developing country. 2 Am. Jur. 771. Georgia early sustained this view. *Macon & Western Railroad Co.* v. *Lester*, 30 *Ga.* 911 (1859). Thus, prior to the enactment of the stock law (Ga. Acts 1872, p. 34), cattle could not be deemed trespassers in any event.

"If the stock law is adopted, the county is commonly called a 'no-fence' county. Ga. Code (1933) Sec. 62-501. The duty thereunder falls upon the cattle-owner to fence in his stock. Ga. Code (1933) Sec. 62-601. It is strongly indicated by the impounding statutes that damage done by an animal under such circumstances now constitutes a trespass. Ga. Code (1933) Secs. 62-602, 603. Such an interpretation seems reasonable in view of the tendency to return to the common-law rule. Prosser, *Handbook of the Law of Torts*, 434 (1941); Comment, 5 La. L. Rev. 316 (1943); see 22 L. R. A. 55 (1909). In this connection it is interesting to note that Mr. Prosser cites the Georgia case holding the stock law constitutional in support of the proposition, *viz. Puckett* v. *Young*, 112 *Ga.* 578, 37 S. E. 880 (1901). As our nation stabilizes, the factors calling for return to the common-law rule appear just as strong as those originally requiring its overthrow.

"On several occasions in the past the Georgia courts have held that a loose animal under the stock law is a trespasser. *Harvey* v. *Buchanan*, 121 *Ga.* 384, 49 S. E. 281 (1904), [Vicious Animals]; *McKenzie* v. *Powell*, 68 *Ga. App.* 285, 22 S. E. (2d) 735 (1942), [Statical Negligence]. Where the effect of the stock law is provided by municipal ordinance then such cattle are clearly trespassers. *Thombley* v. *Hightower*, 52 *Ga. App.* 716, 184 S. E. 331 (1936), [Damage to Crops].

"It would appear, then, that the rule of negligence should change. Ga. Code (1933) Sec. 94-703. Undoubtedly it does when the negligence complained of is 'static', rather than 'active'. *McKenzie* v. *Powell,* supra. Or when the trespasser is a mere human. *Cook* v. *Southern Ry. Co.,* 53 *Ga. App.* 723, 187 S. E. 274 (1936); *Thornton* v. *Southern Ry. Co.,* 71 *Ga. App.* 530, 31 S. E. (2d) 189 (1944). Strangely, a greater degree of care is owed trespassing animals.

"The courts have reached this position chiefly because of decisions holding that the stock law did not change the degree of care previously imposed by statute. *Central Railroad Co.* v. *Hamilton,* 71 *Ga.* 461 (1883); *Central Railroad Co.* v. *Summerford,* 87 *Ga.* 626, 13 S. E. 588 (1890); *Atlanta & West Point Railroad Co.* v. *Hudson,* 2 *Ga. App.* 352, 58 S. E. 500 (1907). It will be noted that the Code section relied upon in these cases (Ga. Code (1882) Sec. 3033) [Code (1910) § 2780] was later declared unconstitutional on the grounds of the presumption raised. *Western & Atlantic Railroad* v. Henderson, 279 U. S. 639, 49 S. Ct. 449 (1929). The present railroad liability statutes prescribe no particular degree of care toward animals. Ga. Code (1933) Sec. 94-701, et seq. It is generally termed by the courts to be ordinary care. E. g. *Powell* v. *Nelson,* 52 *Ga. App.* 351, 183 S. E. 348 (1936); *Savannah & Atlanta Rwy. Co.* v. *DeBusk,* 68 *Ga. App.* 529, 23 S. E. (2d) 529 (1942). Thus, now, we have the conclusion that the stock law cannot change the degree of care imposed by the judiciary." Be that as it may, in *Aycock* v. *Callaway,* supra (headnote 1), this court held squarely: "Generally, the stock law, known as the no-fence law, does not change the degree of negligence from ordinary negligence to wilful and wanton negligence. The fact that the damage alleged is in a locality where the stock law is in operation may be considered along with all the other facts and circumstances of the case, where, as here the acts of negligence alleged are acts of active negligence rather than statical negligence, to be determined by the jury as to whether the railroad is liable."

Under an application of the foregoing rules of law to the facts of this case, the trial court did not err in overruling the general demurrer to the petition or the enumerated grounds of the motion for new trial.

■ There is no merit in special ground 1 of the motion for a new trial in which the defendant complains of the trial court's failure to charge: "The measure of damages for the killing of livestock is the fair market value of said livestock at the time of the killing." It appears that at another point in its charge the court stated that the jury "should determine the amount of damages done to the plaintiff's cows in dollars and cents," and that they would be authorized to find that amount for the plaintiff. As suggested by counsel for the plaintiff, and an examination of the record confirms this, the plaintiff offered the testimony of two lay witnesses and one expert witness, all of whom were familiar with the market value of the cows killed. Those witnesses testified that the market value of the cows was at least $8,300. The jury returned a verdict of $7,175. The defendant offered no testimony to rebut the plaintiff's evidence as to the value of the cows and did not cross-examine these witnesses as to value. The case was defended entirely on the question of liability. The "damage done" to the cows could only have meant the loss to the plaintiff of the fair market value of the cows. If the defendant had desired a more elaborate charge upon this point, it should have been requested.

■ There is no merit in the assignment of errors upon the charge contained in special ground 5. In this ground the defendant complains of various portions of the charge. The only assignment of error upon these portions of the charge with which we have not already dealt is the trial court's failure to define "reasonable care or reasonable diligence." In *Atlantic & Birmingham Railway Co.* v. *Smith*, 2 *Ga. App.* 294 (2) (58 S. E. 542) this court held: "In the absence of a written request for the court to define to the jury the meaning of the words 'ordinary and reasonable care and diligence', there was no error in the omission to do so. It is doubtful if any specific definition would enlighten the jury or make any clearer the plain meaning of these simple words."

■ As special ground 8 of the motion for a new trial was not argued in this court either orally or in the brief of counsel for the plaintiff in error and is not generally insisted upon, this ground will be treated as abandoned. *Evergreen Memory Gardens, Inc.* v. *Blythe*, 92 *Ga. App.* 413 (88 S. E. 2d 528).

■ The evidence was in conflict upon every point at issue, but these conflicts were resolved in favor of the plaintiff by the jury. The verdict was within the range of the evidence and authorized by the evidence. The trial court, consequently, did not err in denying the motion for new trial.

*Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*