MOORE, MARSH & COMPANY *et al.* *vs.* BROWN *et al.*

1. Where the sole counsel in attendance for the plaintiff in error is prevented by a sudden access of illness from being in the court-room when the case is called, and the writ of error is dismissed, it will be reinstated upon his motion made the same day, and will, if the cases of another circuit have been entered upon before the motion to reinstate is decided, be either continued or heard upon the briefs of counsel.

2. Though on a rule against the sheriff to which several creditors are parties, the losing creditors pray for relief from the sheriff beyond the amount of the fund admitted by him to be on hand, yet if he be no party to their motion for a new trial, and if the writ of error be founded alone upon a denial of that motion, he need not, under the act of 1881, be a party to the writ of error, nor be served with the bill of exceptions.    As to him the verdict of the jury is final,

except as to paying out the fund, in respect to which he makes no contest.

3. Where the vital issue is fraud in certain mortgages, as the burden of proving fraud is upon attaching creditors who attack the mortgages, it seems that they would be entitled to open and conclude; but the question is not decided.

(*a*) The verdict being undoubtedly correct, and there being no suggestion of new evidence, the case will not be sent back for a new trial because the right to open and conclude was given to counsel for the mortgagees.

4. When counsel want every detail of the law applicable to the facts of the case gone over by the court, they should call attention to such minute matters. Unless they do so, the court may instruct in general terms on the broad and controlling principles, and there stop.

5. As a general rule, a person is not to be affected by what is said about his rights behind his back.

(*a*) Whether there was error in rejecting evidence of a conversation, cannot be determined when the import of the conversation does not appear in the record.

June 4, 1888.

Practice. Parties. Burden of proof. Order of argument. Charge of court. Evidence. Before Judge JOHN T. CLARKE. Terrell superior court. November term, 1887.

Reported in the decision.

D. A. VASON, JAMES DODSON & SON and R. F. SIMMONS, for plaintiffs in error.

GUERRY & GRIGGS and C. B. WOOTEN, *contra*.

BLECKLEY, Chief Justice.

This case, being reached and called in its order in the forenoon, was dismissed for want of prosecution and for lack of service of the bill of exceptions on the sheriff. This lack of service was brought to the attention of the court by counsel for the defendants in error, and its bearing on the case was only slightly considered, no

counsel being in attendance for the plaintiffs in error. In the afternoon, Judge Vason moved to reinstate the case, and showed for cause that he was the sole counsel relied upon to represent the plaintiffs in error, that he had attended in the forenoon for that purpose, that before the case was reached and called and while out of the court-room, he was taken violently ill, and that owing to that fact and his being occupied in procuring and using remedies, he was unable to return to the room or to report his condition to the court before the noon recess. He insisted that the sheriff was not a necessary party, and that by the act of 1881, (addenda to the code, page IX, §4272b,) service of the bill of exceptions upon him was dispensed with. Counsel for the defendants in error was afterwards heard upon this motion, and the court on due consideration, being convinced that Judge Vason's absence was the result of providential cause, reinstated the case; and being also of the opinion that on the peculiar facts disclosed by the record, it falls within the act of 1881, cited above, and that service on the sheriff was not required, the court announced that the case would be either continued or heard on the briefs of counsel, as counsel for defendant in error might prefer. Oral argument would not be heard, because the cases of another circuit had been entered upon before the motion to reinstate was decided. Thereupon he filed his briefs, those for the plaintiffs in error having been already filed, and the court is now ready to dispose of the writ of error on its merits. The points of practice involved in the foregoing details may be thus summarized:

1. Where the sole counsel in attendance for the plaintiff in error is prevented by a sudden access of illness from being in the court-room when the case is called, and the writ of error is dismissed, it will be reinstated upon his motion made the same day, and will, if the cases of another circuit have been entered upon before

the motion to reinstate is decided, be either continued or heard upon the briefs of counsel.

2. Though on a rule against the sheriff, to which several creditors are parties, the losing creditors pray relief from the sheriff beyond the amount of the fund admitted by him to be on hand, yet if he be no party to their motion for a new trial, and if the writ of error be founded alone upon a denial of that motion, he need not, under the act of 1881, be a party to the writ of error nor be served with the bill of exceptions. As to him the verdict of the jury is final, except as to paying out the fund, in respect to which he makes no contest.

3. Passing on to the main case, we can discover no error committed by the court, unless it was in allowing counsel for the mortgage *fi. fas.* to open and conclude the argument. We are not quite sure as to this question, but are inclined to think that as the vital issue was fraud in the mortgages, and as the burden of proving fraud was on the attaching creditors, the attaching creditors were entitled to open and conclude. *Johnson vs. Martin*, 25 *Ga.* 269; *McKibbon vs. Folds*, 38 *Ga.* 239, and cases cited; *Buchanan vs. McDonald*, 40 *Ga.* 286; *Loudon, vs. Coleman*, 62 *Ga.* 147; Rules Practice Superior Court, No. 45. But the verdict of the jury was undoubtedly correct, and this being so, it would be idle to remand the case to have it argued over. There is no suggestion in the record of newly-discovered evidence, and were the case tried again on the same testimony, the order of argument would not or at least ought not to change the result.

4. We cannot hold that the charge of the court was error, or that it did not fully cover the case, or that a new trial ought to be granted for any of the failures to charge complained of. Had the court been requested to charge on the omitted topics, we may assume that the omissions would have been supplied. When counsel

want every detail of the law applicable to the facts of the case gone over by the court, they should make their desire known and call attention to these minute matters. Unless they so do, the court may instruct in general terms on broad and controlling principles, and there stop.

5. For two reasons we are blind to any error there may have been in rejecting evidence of a conversation between common debtors and one of the attaching creditors. We are not advised of the import of the conversation, and the record does not show that Brown, the mortgagee, was present, but clearly intimates the contrary. As a general rule, a person is not to be affected by what is said about his rights behind his back.

The court was correct in refusing a new trial.

Judgment affirmed.