FOOTE *v.* KELLEY.

FISH, C. J.　1. The general exception to the entire charge of the court was not well taken, as the whole charge was not erroneous. 7 Mich. Dig. Ga. Rep. 648, and cit.

2. The issues were few and simple, and, in the absence of a proper request for a more specific statement of plaintiff's contentions, the charge was sufficiently comprehensive.

3. In reading to the jury, as part of the charge, Civil Code, §§ 2944, 2945, defining the kinds of loans, it was not error, in the absence of a proper request on the subject, to fail to explain to the jury the meanings of the terms "specie," "in kind," and "for consumption," as used in such sections.

4. Nor was it error to give in charge Civil Code, § 2946, on the ground that the provisions of that section were not applicable to any contention of the plaintiff or the defendant. They were pertinent to one of defendant's contentions.

5. The court instructed the jury that plaintiff insisted that the person who did a given act, which plaintiff claimed resulted in damage to him, was at the time in the employ of defendant, and that defendant insisted that this was not true, but that what such person did was gratuitous on his part and he, defendant, was not responsible for it, and that the jury were to say what the facts were. *Held*: (*a*) Such instruction was not erroneous on the ground "that it restricted the jury to consider solely the question whether or not [such person] was in the employ of the defendant, and if he was not, the defendant would not be liable, and if he was, then the defendant might or might not be liable." (*b*) The instruction being a correct statement of the respective contentions of the parties on a given point, it was not a good assignment of error thereon that the court failed to charge what would be the legal effect of a finding by the jury that plaintiff's contention was true.

6. There was ample evidence to support the verdict, and the court did not err in refusing a new trial.

*Judgment affirmed. All the Justices concur.*

Submitted July 18,—Decided November 15, 1906.

Action for damages. Before Judge Gober. Gilmer superior court. August 26, 1905.

*N. A. Morris,* for plaintiff.

*J. Z. Foster* and *A. H. Burtz,* for defendant.