## PICKENS *v.* THE STATE.

1. The failure of the court to give in charge the legal definition of the term "felony" appearing in Penal Code, § 70, which section was given in charge, was not such error as requires a new trial.

2. The evidence was amply sufficient to support the verdict, and there was no error which for any reason assigned requires a new trial.

Argued December 21, 1908.—Decided February 12, 1909.

Indictment for murder. Before Judge Worley. Hart superior court. September 23, 1908.

*A. G. & Julian McCurry,* for plaintiff in error. *John C. Hart, attorney-general,* and *David W. Meadow, solicitor-general,* contra.

HOLDEN, J. The defendant was convicted of murder; and to the judgment of the court overruling his motion for a new trial he excepted. The defendant shot the deceased in the leg, inflicting a wound from which he died several months thereafter. The evidence on the part of the State was to the effect that the defendant killed the deceased while the defendant was in no danger, or appearance of danger, from the deceased. The defendant states that the deceased drew a pistol from his pocket, and "he threw it up, and as he turned it up I shot." One of the grounds of the motion for a new trial is that the court failed to give in charge to the jury the legal definition of the term "felony." It does not appear that any request for such charge to be given was made. In the case of *Roberts* v. *State,* 114 *Ga.* 450 (40 S. E. 297), it was ruled that where a charge embraces a section of the code which contains the word "felony," the word should be so defined as to convey to the jury a correct idea of its meaning. The Court of Appeals made the same ruling in *Holland* v. *State,* 3 *Ga. App.* 465 (60 S. E. 205). In both of these cases a new trial was granted, but in neither of them was the judgment of the court based on the failure of the court below to give a definition of the word "felony." In the *Roberts* case, supra, Justice Cobb

in delivering the opinion states (p. 453): "Whether or not the failure to explain the meaning of this term, in the absence of an appropriate written request so to do, be such error as would require the granting of a new trial, is not necessary to be determined in the present case; for a new trial is demanded upon another ground of the motion." In the case of *Holmes* v. *Clisby*, 121 *Ga.* 241 (48 S. E. 934, 104 Am. St. R. 103), it was held: "The judge should explain to the jury the meaning of technical terms which occur in his instructions, but a failure to do so will not generally be ground for a new trial, in the absence of an appropriate and timely written request for such explanation." In the case of *Savannah Electric Co.* v. *Bennett*, 130 *Ga.* 597 (61 S. E. 529), the following ruling was made: "Where the judge instructed the jury that the defendant was bound to exercise 'extraordinary care and diligence' in carrying the plaintiff, and that the plaintiff was bound to the exercise of 'ordinary care and diligence' for her own safety, it was not error requiring the grant of a new trial that the court did not, in connection with such instructions, define to the jury the meaning of the phrases 'extraordinary care and diligence' and 'ordinary care and diligence,' in the absence of a timely written request for such instructions." See also *Georgia So. & Fla. R. Co.* v. *Young Investment Co.*, 119 *Ga.* 513 (46 S. E. 644); *Edwards* v. *Hale*, 129 *Ga.* 302, 304 (58 S. E. 817); *Foote* v. *Kelley*, 126 *Ga.* 799 (55 S. E. 1045). It often happens that in delivering a charge to the jury the court uses legal terms and technical words, the meaning of which a person of average intelligence, but unlearned in the law, fails to clearly comprehend; but it would not be proper to hold that in every instance a new trial should be granted because the court fails to give the jury the meaning of such words. In a case of the kind under consideration, it must have been known to counsel for the defendant that section 70 of the Penal Code would be charged, and that therefore the word "felony" would be used by the court in charging the jury; and if they desired any instructions given the jury because of the appearance of this term in the section, they should have made an appropriate written request for the court to give such instructions. We do not think the failure of the court to define the term "felony" was such error as to require a new trial.

The defendant assigns error upon the failure of the court to give a certain charge, and upon certain specific charges given by the court. After a careful consideration of each of these assignments of error, we do not think there were any errors committed which, for any reason assigned, require the grant of a new trial. The evidence amply supported the verdict, and the judgment of the court in overruling the motion for a new trial is

<div align="right">

*Affirmed. All the Justices concur.*