SEABOARD AIR-LINE RAILWAY *v.* BROWDER *et al.*

By the Civil Code (1910), § 5270, it is declared: "Service of a summons of garnishment upon the agent in charge of the office or business of the corporation in the county or district at the time of service shall be sufficient."

(*a*) Personal service upon a ticket-agent in charge of a ticket-office of a railroad company, and selling tickets and handling passenger business for it, is sufficient under this section. The fact that four railroad companies using a union station may have employed the same ticket-agent, who occupied the office and acted for each of them in connection with the sale of tickets and passenger business, did not prevent him from being the agent of each within the meaning of the code section above cited, although, by arrangement among the companies, one of them had general charge of the station, and paid the expenses, including the salary of the agent, and these expenses were subsequently prorated among the companies, the agent reporting directly to each company as to its business.

NOVEMBER 13, 1915.

Garnishment. Before Judge George. Crisp superior court. November 20, 1914.

A summons of garnishment issued, directed to the Seaboard Air-Line Railway. The sheriff made an entry that he had served the garnishee by personally serving "R. L. Luffman, the agent of said garnishee, who is in charge of its office in the city of Cordele, Crisp county." The company traversed the entry. On the trial the evidence tended to show the following, among other facts: Four railroads entered Cordele and had a union station. One of these was the garnishee. Another, the Georgia Southern and Florida Railway Company, had general control of the station. Luffman was the ticket-agent for all of the roads at the union station. He kept separate accounts and sold all tickets at the station for each of the roads, and reported to the Seaboard Air-Line Railway separately as to its ticket business. He testified, that he was in control, having the union station in charge") as to the general the expenses of the office, including his salary, were prorated among the four companies; and that it was very largely like four offices being kept in one, so far as the transactions of the four roads were concerned. He reported to the Georgia Southern and Florida Railway Company (which another witness called the "board of control, having the union station in charge") as to the general handling of the station, and all of the help was on the pay-roll of

that company. He was not responsible to that company for any details, such as selling tickets for the Seaboard Air-Line Railway. He signed all tickets sold for the latter company as its agent, and was under its control with reference to any of the details of the passenger business in the city. The entire expenses of the union station, including the salary of Luffman, were first paid by the Georgia Southern and Florida Railway Company, and then prorated among the four companies. The freight business of the garnishee was kept separate from the passenger business, and the freight agent's office was located in a different building. The company also had a commercial agency, with a separate office. No business was transacted at the union station except the selling of tickets, handling of baggage, and the administration of the union station for all of the roads. The court rejected certain evidence tending to show that one Stallings, the freight-agent, had charge of the office or business of the garnishee at Cordele, except the commercial office, and the sale of tickets and handling of its passenger traffic; also, that the property sought to be caught by the garnishment was certain household goods shipped by the defendant in the suit over the railroad of the garnishee, and that Stallings did not know of the garnishment until the freight had been delivered; also, that the plaintiff knew that Stallings was in Cordele at the time when the garnishment was shown to have been served. A verdict against the traverse was directed, and the garnishee excepted.

*Anderson, Cann & Cann* and *Whipple & McKenzie,* for plaintiff in error. *J. T. Hill,* contra.

LUMPKIN, J. (After stating the foregoing facts.) It is declared by the Civil Code (1910), § 5270: "Service of a summons of garnishment upon the agent in charge of the office or business of the corporation in the county or district at the time of service shall be sufficient." Under the uncontradicted evidence, Luffman, on whom the service was made, was an agent of the garnishee at the union station, and dealt with its ticket and passenger business, and had charge of the station for the four companies using it. The fact that he was also the agent for three railroad companies other than the garnishee did not alter the fact that he was the agent of the garnishee. The office was used for the benefit of the four roads as to their respective business, and was, to the extent of its business, the office of the garnishee. *Riley* v. *Wrightsville & Tennille R.*

*Co.,* 133 *Ga.* 413 (65 S. E. 890, 24 L. R. A. (N. S.) 379, 18 Ann. Cas. 208). Here was an office, and an agent of the garnishee, and also of others, in charge of such office. An agent does not have to have supervision over all parts of the company's business, in order to fulfill the requirment of the statute. A railroad company may divide up its business into various departments conducted in different offices. But a plaintiff is not obliged to ascertain who has charge of one kind of business, and who of another, and select the right agent at his peril when he desires to have a garnishment served. The requirement is to give notice to the company, by serving an agent in charge of its office. That agent when served has a duty as to his principal. But the company can not escape liability by asserting that service should have been made on another agent at another office in the same city, who had more direct charge of the freight business, or other business, though freight happened to be the thing subject to garnishment. To so hold would put an almost or quite impossible burden on a person wishing to serve a garnishment. Where the company puts an agent in charge of a ticket-office, it may be served with summons of garnishment through that agent, whether the company intrusts to him all of its business in that locality, or only a part of it. Under the evidence the service met the requirements of the statute, and there was no error in directing a verdict against the traverse. None of the cases cited by counsel for the plaintiff in error conflicts with this ruling. The facts involved in each of them were different from those in the present case.

The evidence rejected could not have altered the result, and there was no error in rejecting it.

*Judgment affirmed. All the Justices concur, except Beck, J., absent.*