### MOSELY, for use, etc., *v.* FIRST NATIONAL BANK OF McDONOUGH.

Where, on the trial of a traverse to the sheriff's return on a summons of garnishment, which recited that service had been made upon the garnishee banking corporation by handing the summons to a named person, not the president of the bank, as agent in charge of the office and business of the garnishee in said county, the issue made was whether service upon the garnishee corporation was legally made, it was error for the court to instruct the jury that they should find for

the garnishee if it had been shown by a preponderance of testimony that service was not made upon the agent actually in charge of the "business and office" of the corporation; for the jury would probably infer from this instruction that it was necessary that they should find that the person served as agent should have been in charge both of the "office *and* business," whereas it would have been sufficient if the agent of the corporation served was in charge of the office of the garnishee in that county.

No. 4762. MAY 12, 1925.

The Court of Appeals certified to the Supreme Court the following questions involved in Case No. 15464:

1. Where, on the trial of a traverse to a sheriff's return on a summons of garnishment, which recites that service has been made upon the garnishee banking corporation by handing the summons to a named person, not the president of the bank, as agent in charge of the office and business of said garnishee in said county of service, the.issue is whether service upon the garnishee banking corporation was thereby legally made, is it error, as a matter of law, for the judge to instruct the jury in effect that they should find for the garnishee banking corporation if it has been shown by a preponderance of testimony that service was not made upon the agent actually in charge of the "business *and* office" of the corporation, where proper exception is taken by the plaintiff on the ground that the jury were thus required to find that the person served was the agent in charge. of both the "business *and* office" of the corporation in the county at the time of service, whereas the statute does not so require, and where under the evidence the jury would have been authorized (although not compelled) to find that the person served with the summons, being the vice-president of such bank, was at the time of service agent. of the garnishee de facto, actually in charge of its "office," by exercising therein independent executive powers in directing other officers and employees therein during the physical absence of the president, although the president, during such absence, remained actually in charge of the "business" of the corporation outside of such "office," and nominally, but not in fact, in charge of such "office" by virtue of his official position?

2. In a case such as is stated in the preceding question, and where the issue is as there stated, is it error, as a matter of law, for the judge to instruct the jury in effect that the presumption of the law that the president is alter ego of the bank, upon whom

the service should be effected, should not have any legal weight or bearing, if the jury should find that there was at the time of service an actual agent, who was not the president of the bank "in charge actually of its office *and* business," where proper exception is taken by the plaintiff on the ground that the jury, in order to find that legal service had been effected, were thus compelled to find that the agent, other than the president, was in actual charge of both the ."office *and* business," whereas either was sufficient under the statute, and where under the evidence the jury would have been authorized (but not compelled) to find that while the person served, being the vice-president of the bank, was not in charge of such "business," he was the de facto agent in charge of such "office" during the physical absence therefrom of the president at the time of service? See, in connection with the two preceding questions: Civil`Code, 1910, § 5270; *Third Nat. Bank* v. *Mc-Cullough,* 108 *Ga.* 249, 250 (33 S. E. 848) ; *North Ga. Banking Co.* v. *Fancher,* 23 *Ga. App:* 683 (2) (99 S. E. 229) ; *Park* v. *Cordray,* 20 *Ga. App.* 35 (92 S. E. 394) ; *Twilley & Hodges* v. *Middle Ga. Bank,* 28 *Ga. App.* 417 (111 S. E. 694) ; *Central of Ga. Ry. Co.* v. *Ellis,* 17 *Ga. App.* 536 (87 S. E. 815) ; *L. & N. R. Co.* v. *Mitchell,* 6 *Ga. App.* 390 (64 S. E. 1134).

3. If the answer to both or either of the two preceding questions should be in the affirmative, would the general rule be modified by reason of the particular fact that the amended return of service as made by the sheriff recited that the person served was "the agent in charge of the office *and* business" of the garnishee banking corporation?

*Reagan & Reagan,* for plaintiff. *E. M. Smith,* for defendant.

BECK, P. J. We are of the opinion, that, on the trial of a traverse to a sheriff's return on a summons of garnishment, which recites that service has been made upon the garnishee banking corporation by handing the summons to a named person, not the president of the bank, as agent in charge of the office and business of the garnishee in the county of the service, and the issue is whether service upon the garnishee banking corporation was thereby legally made, it is error for the judge to instruct the jury in effect that they should find for the garnishee banking corporation if it has been shown by a preponderance of testimony that service was not made upon the agent actually in charge of the ."business

*and* office." The exception to this charge, on the ground that the jury were thus required to find the person served was the agent in charge of both the "business *and* office" of the corporation in the county at the time of the service, was well taken. If the person upon whom the summons of garnishment was served was the agent of the corporation in charge of its office, this was sufficient service upon the corporation; or if he was in charge of the business of the corporation, that would be sufficient service. "Service of a summons of garnishment upon the agent in charge of the office or business of the corporation in the county at the time of service shall be sufficient." Civil Code (1910), § 5270. The word "or" in some connections may mean "and," or the word may introduce an explanatory word or phrase. But in this statute the word "or" in the expression "in charge of the office or business" is used in its disjunctive sense. The president of a chartered bank, being its alter ego, may very properly, in the absence of evidence to the contrary, be presumed, as a matter of law, to be clothed with the authority to take charge of and manage its business, and he is not divested of that authority by the mere fact that in his absence from the office another agent of the bank is left in charge of the office. *Third National Bank* v. *McCullough,* 108 *Ga.* 249 (supra); *North Ga. Banking Co.* v. *Fancher,* 23 *Ga. App.* 683 (supra). The latter while left in charge of the office may have certain duties in connection therewith to perform, and have authority, in particular matters, to direct the other agents or officials of the corporation, while the president, though absent from the office temporarily, would, in the general sense of the word, be in charge of the business of the corporation in that county. In case of the absence of the president still having charge of the business of the corporation, service upon the agent in charge of the office of a summons of garnishment would be sufficient. If in the present case the agent of the corporation upon whom the service of the summons of garnishment was made was in charge of the office, though the president was in charge of the business of the corporation generally in the county, the service, as we have said above, was sufficient.

From the case of *Holbrook* v. *E. & T. H. R. Co.,* 114 *Ga.* 4 (39 S. E. 938), it appears that the return of service of the summons of garnishment was in the following words: "Served the within by serving summons of garnishment issued on within affidavit and

bond on Evansville and Terre Haute R. R., by serving D. H. Hillsman, Gen. Sou. Agt., S. L. Rogers, Trav. Frt. Agt., and R. L. Sams, Commercial Agt., each personally at 3 p. m., they being in charge of office." And it was held in that case that due and legal service of the summons of garnishment upon the railroad company was not shown by the entry quoted. It was pointed out that the entry was defective in failing to disclose that the individuals served were the agents of the company, and in not affirmatively showing that the "office" of which they were in charge was its office. But the negative pregnant involved in this holding is equivalent to a ruling that if the entry had shown that the individuals named were agents of the railroad company sought to be garnished, and that they were in charge of its office, such an entry would have shown due and legal service of the summons of garnishment. And this is expressly ruled in the case of *Holbrook* v. *Railroad Co.,* 114 *Ga.* 1 (39 S. E. 937), where it was held that "A return showing that a summons of garnishment was served upon a railroad company therein designated, by serving personally a named individual described as 'sole agent of the Co., in charge of their office' at a specified house in a city located in the county wherein the garnishment proceeding was pending, met the requirements of the Civil Code [1895], § 4710 [1910, § 5270], which prescribes the manner of serving garnishment processes upon corporations." And in the case of *Seaboard Air-Line Ry.* v. *Browder,* 144 *Ga.* 322 (87 S. E. 6), it was said: "An agent does not have to have supervision over all parts of the company's business, in order to fulfill the requirement of the statute. A railroad company may divide up its business into various departments conducted in different offices. But a plaintiff is not obliged to ascertain who has charge of one kind of business, and who of another, and select the right agent at his peril when he desires to have a garnishment served. The requirement is to give notice to the company, by serving an agent in charge of its office. That agent when served has a duty as to his principal. But the company can not escape liability by asserting that service should have been made on another agent at another office in the same city, who had more direct charge of the freight business, or other business, though freight happened to be the thing subject to garnishment. To so hold would put an almost or quite impossible burden on a person wishing to serve a garnish-

ment. Where the company puts an agent in charge of a ticket-office, it may be served with summons of garnishment through that agent, whether the company intrusts to him all of its business in that locality, or only a part of it."

It follows from what we have said above that the first question should be answered in the affirmative. And the same reasoning and same authorities require an affirmative answer to the second question; that is, that the charge of the court, stated in substance in these two questions, was error. And we do not think that the fact that the amended return of service as made by the sheriff recites that the person served was "agent in charge of the office and business of the garnishee corporation" can affect the ruling that a return of service upon the agent of that corporation in charge of its office would be sufficient.

*All the Justices concur, except Gilbert, J., absent for providential cause.*