## 31052. FARMER *v.* THE STATE.

DECIDED OCTOBER 12, 1945.

*Swift Tyler, W. E. Armistead,* for plaintiff in error.

*E. E. Andrews, solicitor-general, Durwood T. Pye,* contra.

GARDNER, J. The defendant was convicted of voluntary manslaughter. She filed a motion for a new trial on the general grounds, and by amendment added ten special grounds. To the judgment overruling her motion for a new trial she assigns error.

■ Special grounds 1 through 7 are but an elaboration of the general grounds, and we will consider them together. No persons were present at the scene of the homicide save the deceased and the defendant. Others, in close proximity to the scene, heard the pistol shot which caused the death of the deceased, but heard no previous struggle or difficulty. Immediately after the shooting, the defendant came from the house and in an outcry stated in effect that she had killed her husband without any intention to do so, but had done it accidently. To a number of witnesses with whom she talked soon after the homicide, she gave several reasons why she had killed her husband, among them that he had come home drunk in the early morning and abused and threatened her, and that he had slapped her and thrown a shoe at her, and that she shot him. The killing occurred in the daytime, around noon. Those who went immediately to the scene after the defendant's outcry found the deceased lying on his bed, in blood, shot in the back. It appears from certain photographs, introduced in evidence by the State, that there was a blood spot near the corner of the room where a gun was standing, near the bed. At the trial the defendant stated, that previously to the fatal shooting she had taken her husband's pistol and had hidden it, and that at the time

she shot him he was endeavoring to get the gun, and she shot him in self-defense, believing that he would kill her. She did not make any such claim to any witness with whom she talked. This contention was urged for the first time at the trial. The jury were authorized to find that the defendant took the life of the deceased under circumstances which would warrant the verdict of manslaughter, under heat of passion aroused by the conduct of the deceased.

The assignments of error on the general grounds and the special grounds in elaboration of those grounds are without merit.

■ Special ground 8 assigns error because the court gave in charge to the jury the law of circumstantial evidence, when there was no such evidence in the case. Should we concede that there was no circumstantial evidence in the case, the charge would be more beneficial to the defendant than harmful, but there was circumstantial as well as direct evidence. This ground has no merit.

■ Special grounds 9 and 10 assign error because the court, without a written request, failed to define the term "felony" in the charge relating to justifiable homicide. In the absence of a written request, under the facts of this case, the court did not err in this respect. See *Pickens* v. *State,* 132 *Ga.* 46 (63 S. E. 783); *Carver* v. *State,* 14 *Ga. App.* 267 (3) (80 S. E. 508); *Perren* v. *State,* 69 *Ga. App.* 417 (25 S. E. 2d, 823).

The court did not err in overruling the motion for a new trial for any of the reasons assigned.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*