33189.  SHERRILL *v.* CALLAWAY, trustee.

DECIDED OCTOBER 19, 1950.

*Parker & Clary, Maddox & Maddox*, for plaintiff.

*Brinson & Davis, Matthews, Owens & Maddox*, for defendant.

FELTON, J. 1. A ground of an amended motion for a new trial which requires an examination of the brief of evidence to ascertain whether or not the assignment of error is meritorious is incomplete and will not be considered.

2. As the case is reversed on other grounds, the assignments of error in grounds two, three and six with respect to the court's sufficiently stating to the jury the contentions of the plaintiff and related matters need not be passed on.

3. The fourth ground of the amended motion for a new trial contains an exception to the charge to the effect that in order for the plaintiff to be entitled to recover she must prove her case as to the issues involved by a preponderance of the evidence. This exception is based on certain rulings of this court and the Supreme Court. The first such ruling was made by the Supreme Court in *Killian* v. *Ga. R. & Bkg. Co.*, 97 Ga. 727 (3) (25 S. E. 384). It was followed in *Murphy* v. *Ga. Ry. & Power Co.*, 146 *Ga.* 297 (1) (91 S. E. 108), and *Lime-Cola Bottling Co.* v. *A. & W. P. R. Co.*, 34 *Ga. App.* 103 (4) (128 S. E. 226). These rulings were to the effect that, in a case where the injury complained of is caused by the running of a defendant's cars, it is not incumbent to prove the allegations of the negligence of the defendant by a preponderance of the evidence. In our opinion

this ruling means no more than that all the plaintiff in such a case has to prove to make out a prima facie case is to show injury by the running of the defendant's cars. The rulings were made before the cases of *Gainesville Midland R. Co.* v. *Floyd,* 73 *Ga. App.* 661 (37 S. E. 2d, 725), and *Seaboard Air-Line Ry. Co.* v. *Fountain,* 173 *Ga.* 593 (160 S. E. 789). It is now the rule that upon proof of injury by the running of cars, if the defendant introduces evidence from which a jury would be authorized to find that the injury did not so occur or that if it did it was not due to the negligence of the defendant, the burden of proof would be upon the plaintiff to prove one or more of the allegations of negligence to be the proximate cause of the injuries by a preponderance of the evidence. Speaking for himself alone, the author of this opinion is inclined to believe that the rulings to the effect that it was not incumbent on the plaintiff to prove the allegations of negligence when the injury was from the running of cars went too far, for the reason that the burden of proof is on the plaintiff in any case to make out a case by a preponderance of the evidence and, where proof of injury by running of cars is made, the plaintiff prima facie has carried the burden of proving the alleged act or acts of negligence alleged against the defendant by reason of the prima facie presumption attaching upon the proof of such injury. When the presumption vanishes by reason of the defendant's evidence, the benefits of the presumption vanish and the original burden of the plaintiff reattaches. It is unquestionably true now that when the plaintiff has lost the benefit of the presumption by reason of the defendant's evidence, it is not error for the court to charge that the burden of proof is on the plaintiff to prove one or more of the allegations of negligence by a preponderance of the evidence and, of course, that it or they were the proximate cause of the injury sued for.

4. The court, in its charge on the subject of preponderance of the evidence, omitted the charge that the jury might also consider the personal credibility of the witnesses so far as the same might legitimately appear on the trial. Whether or not this omission was error requiring the grant of a new trial need not be decided, as the omission will not likely occur on another trial, if such charge is required under the facts on the next trial.

5. There is no merit in the assignment of error in ground seven of the amended motion.

6. As the alleged error in the charge, complained of in grounds eight and nine, will not likely occur on another trial no ruling will be made on these grounds.

7. In ground ten the following charge is complained of: "I charge you that if you should find under the evidence and rules of law I give you in charge that the defendant was negligent and that the plaintiff could have avoided the consequences, that is, the plaintiff's husband could have avoided the consequences of defendant's negligence after it was apparent or should reasonably have been apprehended by him by the exercise of ordinary care and diligence, the plaintiff would not be entitled to a verdict against the defendant." The complaint is that the use of the word "should" before the words "reasonably have been apprehended" placed upon movant's husband a greater burden than is fixed by law and that *"could"* should have been used instead of *"should."* We do not think that this charge was error. The use of the word "should" placed upon the deceased only the duty of exercising ordinary care to discover and avoid the negligence of the defendant. Surely no jury would think that he should have discovered or avoided the defendant's negligence when it was impossible for him to do so.

8. The ruling in division seven applies to the exception to the charge made in ground eleven which is the same exception as made in ground ten.

9. The court erred in charging the jury on the subject of accident. Under the evidence, accident was not involved in the case. The death was due either to the negligence of the defendant, of the plaintiff's husband, or to the negligence of both combined.

10. There is no merit in the assignment of error in ground thirteen.

11. In the fourteenth ground error is assigned on the following charge: "I charge you that where a street or highway crosses a railroad track the railway company and travelers on the highway have equal rights to the use of the crossing, provided, however, that the one first entering upon and undertaking to use the crossing has the prior right to the use thereof." This

charge was error for the reason that, as a matter of law, the one first entering upon and undertaking to use a crossing does not, in all cases and all circumstances, have the prior right to the use of it. *Pollard* v. *Roberson,* 61 *Ga. App.* 468 (6 S. E. 2d, 203). Whether, as a matter of fact, the one first entering has the prior right is a question of fact for a jury, unless the facts so clearly show that such is or is not the case. In this case both the plaintiff's husband and the defendant were guilty of at least one act of negligence, that of violating the city ordinance, and it was a jury question under all the evidence, including the photographs which were introduced in evidence and not made a part of the brief of evidence.

12. The ruling in division eleven applies to an identical exception made in ground fifteen.

13. Ground sixteen assigns error on the following charge: "I charge you that it was the duty of Walter Lee Sherrill, as he approached the crossing, to use his sense of sight and hearing to ascertain whether the crossing was occupied or was about to be occupied at the time by a train, so if you find under the evidence that he saw, or in the exercise of ordinary care he could have or should have seen or known that the train was on or near the crossing and could have stopped or avoided running into the train, you should find for the defendant. The rule applies not only to what he actually saw but to what he could have seen in the exercise of ordinary care." This charge was error. *Pollard* v. *Roberson,* supra; *Richmond & Danville R. Co.* v. *Howard,* 79 *Ga.* 44 (3) (3 S. E. 426); *Atlanta & West Point R. Co.* v. *Hudson,* 123 *Ga.* 108 (51 S. E. 29); *Atlanta & West Point R. Co.* v. *Wise,* 190 *Ga.* 254 (9 S. E. 2d, 63).

14. Grounds seventeen and eighteen assign error on the court's failure to charge Code § 94-1108 or the principle therein set forth. There is no merit in these grounds for the reason stated in division three of the opinion, based on the authorities therein cited.

No ruling is made on the general grounds.

The court erred in overruling the motion for a new trial.

*Judgment reversed. Sutton, C. J., and Worrill, J., concur.*