37684. LONG TOBACCO HARVESTING COMPANY, INC. *v.* BRANNEN *et al.*

Decided May 14, 1959.

*Faye Sanders, Cohen Anderson,* for plaintiff in error.

*Ralph U. Bacon, Wm. J. Neville, W. G. Neville,* contra.

Townsend, Judge. ■ In brief, the *Brannen* case, supra, held (1) that allegations that the retention-of-title contract did not represent the true agreement of the parties, and that it was not the intention of the parties to commit the defendants to an absolute promise to pay, constituted no defense to the action, (2) that allegations of a new and distinct subsequent agreement as alleged would be sufficient to constitute a novation, mutual acquiescence in such course of dealing being a sufficient consideration therefor, (3) that the effect of the new agreement as pleaded was "to delete from the contracts the clause committing the defendants to an absolute promise to pay" and make the time of payment contingent upon the sale of the equipment by the defendants, who were dealers, of the plaintiff manufacturer's machinery to its customers, and (4) that as to certain of the notes there was alleged a valid defense "that part of the retention-of-title contracts sought to be foreclosed were signed by an employee of the defendants who was not authorized to execute the instruments on behalf of the defendants." On the trial, the evidence was in direct conflict as to whether there had been

mutual acquiescence in a new course of dealing sufficient to constitute a novation. Witnesses for the plaintiff, however, testified substantially to every fact alleged as constituting this defense.; that is, that Mason Smith, agent of the plaintiff, made periodic visits to the defendants' place of business, and kept an inventory of the equipment; that at various times he removed and personally supervised removal of various pieces of equipment from the machinery and took it from the store for use by other dealers and their customers; that he stated he had the right to do this because the property belonged to Long and not to the defendants; that the defendants never interfered with the actions of Smith in controlling, claiming, and removing the property, since, under their own position, the property had not been purchased by them but was there on consignment, belonged to the plaintiffs, and the plaintiffs had the right to remove it at will. Thomas Waters, an employee of the defendants, testified: "On a particular occasion there was some parts to be removed from a machine by Mr. Smith there which were to go to Metter. I raised a question about those parts being removed from a particular machine. As to what, if anything, Mr. Mason Smith said as to why we should go ahead and get them, because they belonged to them, Long Manufacturing. I raised the question as to where they should come off of a particular machine, I asked him shouldn't we take 'em off of one that was nearer completed than any one we had, I asked him why didn't he take 'em off of one of the other machines that parts had been taken off of and he said it was 'ours' and he would take it off of this one . . . He said to me that these parts were to go to a machine at Metter, or out from Metter, and his boy carried 'em." There was testimony that this practice was followed with the result that defendants were not left with a single machine on the floor which was complete; also that from time to time the plaintiff reassembled the machines, placing on them new parts and assemblies. There was also evidence that other machinery was not paid for until sold, that demand was not made on past-due notes, and that some notes were actually past-due at the time they were signed and the machinery delivered. The evidence was accordingly sufficient to support the allegations of the affidavit of ille-

gality, which has been established as the law of this case to constitute a complete defense. Also, as to those notes which were signed by the employee Waters rather than Brannen, the evidence is undisputed that Waters had no authority to bind the defendants by such action as he was merely a mechanic and serviceman with no authority to contract a debt on behalf of the company. The general grounds of the motion for new trial are therefore without merit.

■ As stated above, the sole substantial issue on the trial of this case was whether the parties, after executing an instrument containing an absolute promise to pay for the equipment received, had entered into a new and distinct agreement under which the equipment was to be left with the defendants on consignment and paid for only as sold. In this connection, special grounds 1 and 2 of the amended motion for new trial complain of the admission of testimony by the defendant Brannen as follows: "Mr. Long is, as far as I know, the man that owns the company. He is president of the company . . . he came by to give you the old sales talk, and at the same time to verify what Mason Smith had told me prior to this when we were agreeing to take some of the harvesters . . . He told me that whatever Mason Smith told me, that's what the company would do, but I told him, I said I want to hear it from you. He said these machines are ours until they are sold and if you don't sell 'em I'll see that they are moved from here, is that fair enough, and I told him yes." Objections were made to the testimony on the grounds that nowhere in the pleadings was there an allegation that the defendants had entered into a new agreement with Long, but had set up that the new agreement was with Smith, and on the further objection that the defendant failed to show by the charter or bylaws of the corporation any authority in Long to make such new agreement. In special ground 3 objection is urged to the testimony of Smith also on the ground that no corporate authority was shown in him to enter into a new agreement which would alter or vary the terms of the written contract. Smith was a salesman or serviceman for the plaintiff corporation and, unless Long had authority to ratify Smith's acts, the testimony would be objectionable; otherwise, not. The

question raised by all three grounds is, accordingly, whether Long had authority as president of the corporation, to confirm and ratify the acts of his employee, Smith. If he did, Long's testimony was admissible under the pleadings because it showed, among other things, the authority of Smith to agree with the defendants both verbally and by his course of dealing that the goods were to be treated as having been placed with them on consignment and not as an absolute sale. In *Baker* v. *Lowe Electric Co.*, 47 *Ga. App.* 259 (5, 6) (170 S. E. 337), it is stated: "Under the rule adopted in this State, the president of a corporation is presumed to be its alter ego. That is to say, while not ipso facto clothed with autocratic powers as to the making of contracts, he is nevertheless its chief executive officer and agent, and, without any special delegation of authority, is presumed to have power to act for it in matters within the scope of its ordinary business. *Third National Bank* v. *McCullough*, 108 *Ga.* 249 (33 S. E. 848); *Mosely* v. *First National Bank*, 160 *Ga.* 394, 397 (128 S. E. 192); *Snead* v. *State*, 165 *Ga.* 44 (3), 51 (139 S. E. 812) . . . The admissions of a president as the mouthpiece and alter ego of a corporation, as distinguished from those of an ordinary servant or agent, made even with reference to a previous transaction, are ordinarily admissible in evidence, provided they are made in the due course of his official duties with reference to the particular transaction in controversy." This evidence was accordingly admissible, and, while not sufficient of itself to constitute a novation, it supported the defendants' contention that a novation had been effected by reason of the mutual dealings of the parties.

■ Special ground 4 assigns error on the failure of the court to charge without request the provisions of Code §§ 4-101, 4-202 and 4-301 relating to the creation of agency relationships and the authority of an agent to bind his principal. The question of the authority of two agents of the plaintiff corporation to bind it was of course incidentally involved in the determination of the case although no pleadings specifically raised, or needed to raise, this issue. The court did charge that "the principal shall be bound by all the acts of his agent within the scope of his authority." Had further instructions on this issue been desired,

■

546

they should have been requested. *Moore, Marsh & Co.* v. *Brown*, 81 *Ga.* 10 (4) (6 S. E. 833); *Kidd* v. *Huff*, 105 *Ga.* 209 (7) (31 S. E. 430). No reversible error is shown here.

■  Error is assigned in special grounds 5 and 6 on the following excerpts from the charge: "While it is true, as recognized by our law, that where parties in the course of the performance of a contract depart from its terms and pay or receive money under such departure, a modification by way of a quasi new agreement will be implied, still, in order for this rule to have application, it is necessary that the circumstances be such as will in law imply a mutual new agreement so that the modification when taken in connection with the original contract will provide a new and distinct agreement complete in its terms. . . . The rule that contemporaneous evidence is generally inadmissible to contradict or vary the terms of a valid written contract is not violated by proof of a new and distinct subsequent agreement in the nature of a novation, but the novation to be valid must be supported by some new consideration through a course of dealings. An entirely new verbal contract may be substituted for a valid written contract and mutual acquiescence in such course of dealings may constitute sufficient consideration for the new contract." The above quoted charge is established almost verbatim as the law of this case in *Long Tobacco Harvesting Co.* v. *Brannen*, 98 *Ga. App.* 142, supra. That decision dealt solely with the sufficiency of the pleadings in this case; accordingly, the contention that the charge is not authorized by the pleadings is without merit. Nor does the fact that it is not here contended that the consideration for the new agreement was a monetary consideration render error the giving of the charge on mutual departure from the terms of a contract in the language of Code § 20-116. These grounds are without merit.

The trial court did not err in denying the motion for new trial.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*