38019.   MEMORY *v.* O'QUINN.

DECIDED JANUARY 25, 1960—REHEARING DENIED MARCH 22, 1960.

*Thomas, Howard & Moran, Joseph H. Thomas, Memory, Barnes & Memory, S. F. Memory,* for plaintiff in error.

*Gowen, Conyers, Fendig & Dickey, Smith, Swift, Currie & Mc-Ghee, James B. Hiers, Reid W. Harris,* contra.

NICHOLS, Judge.   1.  Special ground 1 of the amended motion for new trial assigns error on the failure of the trial court to charge, without a timely written request, each of five separate charges dealing with the duty of the defendant, as he approached the intersection from the plaintiff's left, to yield the right of way to the plaintiff.

The court charged "that the violation of a valid city ordinance constitutes what is known as negligence within itself—negligence per se."   The jury had before it an ordinance of the City of Blackshear which reads as follows: "An operator of a vehicle shall have the right of way over the operator of another vehicle approaching from the left in an intersecting street; but shall give the right of way to an operator approaching from the right on an intersecting street."   "Had further instructions on this issue been desired, they should have been requested. *Moore, Marsh & Co.* v. *Brown,* 81 *Ga.* 10 (4)  (6 S. E. 833) ; *Kidd* v. *Huff,* 105 *Ga.* 209 (7) (31 S. E. 430)." *Long Tobacco Harvesting Co.* v. *Brannen,* 99 *Ga. App.* 541, 545 (109 S. E. 2d 90).   Accordingly, no reversible error is shown by this ground of the motion for new trial.

2. Special ground 2 assigns error on the following excerpt from the charge: "I charge you that the violation of a valid city ordinance constitutes what is known as negligence in itself, negligence per se."

This charge was not error because of the use of the word "valid" therein while reference was being made to the city ordinance, for on the trial of the case there was no issue that the city ordinances introduced in evidence were not valid. See *Kerns* v. *Crawford*, 51 *Ga. App.* 158 (3) (179 S. E. 854).

3. The remaining special ground of the motion for new trial which complains of the court's charge contends that the court erred in failing to charge the jury that where a party to a case testifies and his testimony is vague, equivocal, or contradictory such testimony is to be construed most strongly against him. One special ground of the motion complains that the defendant's testimony was contradictory and that therefore, properly construing his testimony, a verdict was demanded for the plaintiff.

These grounds, and the usual general grounds of the motion for new trial, will be considered together, for the defendant was the only witness presented in his behalf and if his testimony was contradictory, vague or equivocal so as to be construed most strongly against him, then the verdict in his favor would not stand if that version of the evidence most unfavorable to him would not authorize the verdict. See *Clifton* v. *Dunn*, 92 *Ga. App.* 520, 522 (88 S. E. 2d 710) ; *City Council of Augusta* v. *Hood*, 95 *Ga. App.* 259, 260 (97 S. E. 2d 639).

The defendant testified, in effect, that he turned onto Central Avenue two blocks from its intersection with Grady Street (the point where the collision occurred), that he did not exceed 30 miles per hour after he turned onto Central Avenue, that the weight of his truck that he was driving was about 9,200 pounds, that each block was approximately 1000 feet long, and that he could not possibly have gotten up to 50 miles per hour after making a ninety degree turn onto Central Avenue in 2,000 feet, that at the time he first saw the plaintiff's automobile he, the defendant, was 500 to 600 feet from the intersection, that the plaintiff was 200 to 300 feet from the intersection traveling 25 miles per hour, that the house on the defendant's right and on

the plaintiff's left sits back 25 to 30 feet from Central Avenue and has a 10-foot porch which he could see through, that he could not see the plaintiff behind such house, that he was approximately 30 to 45 feet from the intersection when he first attempted to avoid hitting the plaintiff's automobile, as it was at this point that he first realized that the plaintiff was not going to stop, and that the plaintiff did not stop.

The defendant, as shown above, testified that he first saw the plaintiff when the plaintiff was 200 to 300 feet from the intersection, then he testified that he could not see the plaintiff when he, the plaintiff, was behind the house at the intersection, and that he first realized the plaintiff was not going to stop when he, the defendant, was 30 to 45 feet from the intersection. This testimony was not contradictory, vague, or equivocal, for the evidence does not disclose that the defendant could not have seen the plaintiff before the plaintiff reached the point where the house on the corner would have blocked his view. The plaintiff contends that the defendant's testimony was otherwise contradictory because of the following questions and answers: "Q. Did you see Mr. Memory stop and get back in the car up until the time when the accident happened? A. No sir. . . Q. Let me ask you, can you positively state that during the time you were on Central Avenue and first saw Mr. Memory's car approaching from your right did he ever stop before the time of the impact? A. No sir, I have no doubt about it." An examination of these two questions discloses that the answer to the first question, which question was direct and to the point, was that he did not see the plaintiff stop or get back in his car, and while the second question is itself ambiguous for a "yes" or "no" answer is called for by the phrase "can you positively state" and the closing phrase also called for a "yes" or "no" answer, "Did he ever stop before the time of the impact?" This one question actually was two questions and called for two answers. It is apparent that the defendant answered the last question "Did he stop?" with a negative answer "No," and then in an attempt to positively state the answer, as his attorney asked him to, added "I have no doubt about that." The evidence of the defendant was not contradictory, vague, or equivocal, and the evidence authorized the

verdict found by the jury. "This court does not pass upon the credibility of witnesses, nor the weight to be given evidence on disputed facts. These are questions for the jury. Whether their verdict is contrary to the evidence, or contrary to its weight, or decidedly and strongly against its weight, is a question the law vests in the trial judge's discretion. He may grant a new trial on these grounds, but this court has no such power. Where the trial judge approves the verdict, the sole question for determination by this court is whether there is any evidence sufficient to authorize it." *Adler* v. *Adler*, 207 *Ga.* 394, 405 (61 S. E. 2d 824).

*Judgment affirmed. Felton, C. J., and Quillian, J., concur.*