40442. BROWN v. KIRKLAND et al.

DECIDED NOVEMBER 14, 1963.

*Kenneth H. Cail, Cail, Benton, Cail & Petit,* for plaintiff in error.

*Bouhan, Lawrence, Williams & Levy, Alex A. Lawrence, Frank W. Seiler,* contra.

EBERHARDT, Judge. ■ The first special ground in the amended motion assigns error upon a failure of the court to charge, without any request therefor, the provisions of *Code Ann.* § 68-1626, as found in subparagraph (a): "No person shall drive a vehicle on a street or highway at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing. In every event speed shall be so controlled as may be necessary to avoid colliding with any person, vehicle, or other conveyance on or entering the highway in compliance with legal requirements and the duty of all persons to use due care," and as found in subparagraph (c): "The driver of every vehicle shall, consistent with the requirements of subdivision (a), drive at an appropriate reduced speed when approaching and crossing an intersection or railway grade crossing, when approaching and going around a curve, when approaching a hill crest, when traveling upon any narrow or winding roadway, and when special hazard exists with respect to pedestrians or other traffic or by reason of weather or highway conditions."

The only allegation in the petition relative to the speed of the Authority bus is that the driver was negligent "in driving at a fast and reckless rate of speed." There is a further general allegation that he was negligent "in operating his bus in a careless and reckless fashion." Thus it will be seen that no violation of any of the provisions of *Code Ann.* § 68-1626 was pleaded as negligence per se.

In this posture, although there was some conflicting circumstantial evidence that the speed of the Authority bus may have been "greater than [was] reasonable and prudent under the conditions" and conflicting evidence as to whether the existence of a brick wall enclosing a school yard at the corner of the

intersection may have to some extent interfered with the bus driver's ability to see vehicles approaching along Price Street, it was not error, in the absence of an appropriate request, to fail to charge these provisions of the statute. *McCord v. Benford,* 48 Ga. App. 738 (4) (173 SE 208). Cf. *Howard v. Renfroe,* 93 Ga. App. 59, 60 (1) (90 SE2d 598); *Long Tobacco Harvesting Co. v. Brannen,* 99 Ga. App. 541, 545 (3) (109 SE2d 90). The ruling would be different if violation of the statute had been pleaded as negligence per se. *Carter v. Hutchinson,* 106 Ga. App. 68, 71 (3) (126 SE2d 458). Moreover, there was nothing in either the pleadings or the evidence disclosing that there was any railway grade crossing, curve, hill, or narrow and winding roadway involved in the circumstances of the collision between the two busses here, or that there was anything in the nature of a special hazard to pedestrians. Consequently, substantial portions of the statute, omission of which from the charge is assigned as error, are impertinent, having no relevancy to either the pleadings or the evidence. If any part or portion of the omission alleged to be erroneous is itself impertinent, irrelevant or improper the assignment of error must fail. *Ragsdale v. Duren,* 100 Ga. App. 291 (5) (111 SE2d 144); cf. *American Iron &c. Co. v. National &c. Gas Co.,* 105 Ga. App. 458, 460 (125 SE2d 106). It is without merit.

■ In his second special ground error is assigned upon failure of the court to charge, without request, the provisions of *Code* § 68-710 (Ga. L. 1929, pp. 315, 316): "In all actions against persons, firms or corporations operating busses for hire, for damages done to persons or property, proof of such injury inflicted by the running of busses of such person, firm or corporation, shall be prima facie evidence of want of reasonable skill and care on the part of the servants of the said person, firm or corporation in reference to such injury."

A similar provision in the same statute relative to the running of trains is to be found in *Code* §§ 18-607 and 94-1108 (Ga. L. 1929, p. 315), and it is settled that if there is any evidence on behalf of the defendant tending to rebut the inference created by the statute there is no error in failing to charge it. *Holmes v. Georgia Power Co.,* 44 Ga. App. 588 (6) (162 SE 403), reversed

on other grounds in *Georgia Power Co. v. Holmes,* 175 Ga. 487 (165 SE 284); *Parrish v. Southwestern R. Co.,* 57 Ga. App. 847 (1) (197 SE 66); *Sherrill v. Callaway,* 82 Ga. App. 499, 504 (14) (61 SE2d 548). Indeed it is error to charge it. *Central of Ga. R. Co. v. Cooper,* 45 Ga. App. 806 (4) (165 SE 858); *McVeigh v. Harrison,* 68 Ga. App. 316 (1) (22 SE2d 752); *Atlantic C. L. R. Co. v. Parker,* 90 Ga. App. 251, 254 (2) (82 SE2d 706); cf. *Seaboard Air-Line R. Co. v. Fountain,* 173 Ga. 593 (160 SE 789). It cannot be said that there was no evidence tending to rebut the inference here.

■ Special ground 3 assigns error upon the charge that "negligence cannot usually be inferred from the mere happening of an event. The mere fact that an accident happened and the plaintiff may have sustained injuries or damages affords no basis for recovery against the defendant unless the plaintiff carries the burden of proof and shows that such accident and his damages were caused by specific acts of negligence on the part of the defendant or its driver." It is urged that this charge was confusing to the jury and that it was incomplete as related to *Code* § 68-710, particularly since there was no definition of the statement that "negligence cannot usually be inferred from the mere happening of an event." We find no error in this charge. There was no request for the definition, and absent that, no error appears. *Atlantic C. L. R. Co. v. Scott,* 95 Ga. App. 70 (4) (97 SE2d 325); *Harris v. State,* 97 Ga. App. 495 (2) (103 SE2d 443); *Leggett v. Brewton,* 104 Ga. App. 580 (4) (122 SE2d 469); *Foote v. Kelley,* 126 Ga. 799 (3) (55 SE 1045); *Atlantic C. L. R. Co. v. Jones,* 132 Ga. 189 (13) (63 SE 834). It is a correct statement of the law and was adjusted to the facts here inasmuch as there was evidence on behalf of the defendant tending to rebut the inference raised by *Code* § 68-710.

■ In special ground 4 error is assigned upon the failure of the court, without request, to instruct the jury as to what legally constitutes a right of way, as defined in *Code Ann.* § 68-1504, and the privilege of its immediate use. Inasmuch as the intersection here involved was controlled by a traffic signal the mere definition of what constitutes a right of way and the right to its immediate use would not be a complete statement of the law applicable to the situation without at the same time charging

the provisions of *Code Ann.* § 68-1613. No evidence requiring the charge is pointed out in this ground. This assignment of error is therefore incomplete. *State Hwy. Dept. v. Zimmerman,* 98 Ga. App. 24, 26 (104 SE2d 702). The ruling in *Pass v. State,* 95 Ga. App. 510, 512 (2) (98 SE2d 135) does not require a different result, for the intersection there involved was not controlled by a traffic signal. Moreover plaintiff pleaded the fact that the intersection was controlled by an ordinance of the city of Savannah and the judge charged fully on the requirements of the ordinance as to those who used the streets. If anything further were desired it should have been the subject matter of a timely and appropriate request. *Memory v. O'Quinn,* 101 Ga. App. 330 (1) (113 SE2d 780).

■ Special ground 5 of the amended motion simply assigns error in general terms alleging that the charge was generally confusing and misleading in relation to the evidence, that it was the duty of the trial judge to charge upon every material issue made by the pleadings and the evidence. This assignment raises no question for determination, being too general and failing to point out or to specify wherein or how the charge was confusing or misleading, or upon what issue there was a failure to charge. *Lewis v. State,* 76 Ga. App. 671, 673 (4) (47 SE2d 199); *Morgan v. Reeves,* 84 Ga. App. 41 (2) (65 SE2d 453); *Guthrie v. Luke,* 98 Ga. App. 88 (2) (104 SE2d 921); *General Oglethorpe Hotel Co. v. Lanier,* 99 Ga. App. 401 (3) (108 SE2d 769).

■ The general grounds were specifically abandoned by counsel for plaintiff in error in his oral argument.

*Judgment affirmed. Felton, C. J., and Russell, J., concur.*